Case No. 2:14-CR-00027-NDF-2
NOTICE OF MOTION AND MOTION TO DISMISS COUNT NINE

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2014 MAR 21  PM 2 36
STEPHAN HARRIS, CLERK
CHEYENNE

TO: Hon. Nancy D. Freudenthal, USDCJ
DATE: 3/15/2014

Greetings Your Honor:

Please accept this pleading for purposes of moving the Court to dismiss COUNT NINE:

(1) the FOIA exempts the entire judiciary at 5 U.S.C. 551; therefore, personnel employed by the Office of Clerk of Court are thereby justified in ignoring FOIA requests for their OPM Standard Form 61 APPOINTMENT AFFIDAVITS, and for their OATH OF OFFICE as required by 28 U.S.C. 951;

(2) a NOTICE AND DEMAND is a proper, lawful petition to government, in place of a FOIA request; it is protected by the First Amendment; see Petition Clause;

(3) a "demand" implies a right of some kind, and the Oath of Office clause at Art. VI, Sec. 3, elevates both OATHs to the status of both Defendants' Fundamental Right; cf. "demand" in Black's Law Dictionary, Sixth Edition;

*Please FAX Courtesy Copy to: (307) 772-2123. Thank you.*

- 1 of 3 -
- 1 of 3 -

(4) <u>Carmine v. Bowen</u> held that silence can activate <u>estoppel</u>; <u>U.S. v. Tweel</u> held that silence is a <u>fraud</u> when there is a legal or moral duty to speak, or where an inquiry <u>left unanswered</u> would be intentionally misleading;

(5) 5 U.S.C. 5507 clearly states that Judicial Officers may <u>not</u> even get paid, as long as they have failed to execute the affidavit required by 5 U.S.C. 3332;

(6) 5 U.S.C. 2906 designates the "court" as the legal custodian of the Standard Form 61 required of all Court Officers ("SF-61");

(7) The Administrative Office ("A.O.") is <u>not</u> a "court" and, as such is <u>not</u> the designated custodian of <u>any</u> SF-61s;

(8) Clerks and Deputy Clerks of Court have a legal duty, therefore, to maintain custody of <u>their own</u> SF-61, and the SF-61 <u>for each</u> Court Officer: see 28 U.S.C. §51;

(9) <u>Miranda v. Arizona</u> held that "where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them." (cf. Art. VI).

-2 of 3-

#2:14-CR-00027-NDF-2

(10) On a more subtle level, no grand jury hearing can possibly be an "official proceeding" if the Court personnel who screened and selected prospective grand jurors lack one or more of the required credentials: none of them could be an "official" under those conditions: 28 U.S.C. 1861 et seq.;

(11) The same conclusion is unavoidable if personnel of the U.S. Attorney's office also lack credentials i.e. SF-61 and the OATH OF OFFICE required by 28 U.S.C. 544: see U.S. v. Pignatiello (USDC/DCO ~ 1985) which is directly on point.

— REMEDY —

In light of all the above, COUNT NINE should be promptly dismissed with prejudice.

Respectfully submitted,

Paul Andrew Mitchell, Sui Juris, In Propria Persona

Paul Andrew Mitchell, B.A., M.S.
(NOT "Pro Se")
All Rights Reserved (cf. UCC 1-308)

— 3 of 3 —

p.s. My sincere apologies for the improper paperwork: I am extremely constrained at present.
#2: 14-CR-00027-NDF-2                                PM

INMATE NAME: Paul Andrew Mitchell, Indigent
SCOTTS BLUFF COUNTY DETENTION CENTER
PO Box 130
GERING, NE 69341-0130
All Rights Reserved
SBCDC Disclaims Any Responsibility For
The Nature of the Content of this Correspondence

In re:
#2:14-CR-00027-NDF-2

(cf. UCC 1-308)

LEGAL MAIL

TO:
Hon. Nancy D. Freudenthal
c/o Clerk of Court, U.S. District Court
2120 Capitol Ave.
Cheyenne 82001
Wyoming, USA



Please FAX courtesy copy to: (307) 772-2123