L. Robert Murray
Assistant United States Attorney
District of Wyoming
P.O. Box 668
Cheyenne, WY 82001
(307) 772-2124
robert.murray@usdoj.gov
Wyoming State Bar No. 5-2874

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | ) |
| Plaintiff, | ) ) ) |
| v. | ) **Case No. 14-CR-27-F** ) |
| **MITCHELL PAUL MODELESKI, aka Paul Andrew Mitchell**, | ) ) ) ) |
| Defendant. | ) |

## RESPONSE TO MOTION TO DISMISS

L. Robert Murray, Assistant United States Attorney for the District of Wyoming, responds as follows to the Defendant's Motion(s) to Dismiss the Indictment (Docs. 58 and 60).

### *Procedural History*

On January 15, 2014, a grand jury sitting in the District of Wyoming returned an indictment charging the defendant with conspiracy to obstruct justice (Count 1) in violation of 18 U.S.C. § 1512(k) and five counts of obstruction of justice and aiding and abetting (Counts 2-7) in violation of 18 U.S.C. §§ 1512(b)(2)(A) and 2 and one count of obstruction of justice (Count 9), in violation of 18 U.S.C. § 1512(c)(2). (See Doc. 1). The defendant was arraigned in the District

of Wyoming, the magistrate judge entered a plea of not guilty for him, and he has elected to represent himself during these proceedings.

## *Defendant's Motion*

The defendant filed a "Notice of Motion and Motion to Dismiss with Prejudice: 18 U.S.C. § 1514(b), 3771" and a "Notice of Motion and Motion to Dismiss Count Nine" (See Docs. 58 and 60). It is difficult to discern exactly what his specific complaints are regarding the indictment itself. He mainly complains that employees of the court and U.S. Attorney's Office do not have the proper credentials (Doc. 58. at 1-3 and Doc. 60). His other arguments challenge the strength of the evidence against him and raise possible defenses to his actions. However, "a defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence." *United States v. Jensen,* 93 F.3d 667, 669 (9th Cir. 1996). Furthermore, "[t]here is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of the sufficiency of the evidence." *United States v. Critzer,* 951 F.2d 306, 307 (11th Cir. 1992). He complains about the way in which this case was investigated[1] and makes other statements in his motion, consisting of standard "tax

---

[1] Believing himself to be a "private attorney general," the defendant even filed his own "criminal complaint" against the investigators in this case, charging them with violations of 18 U.S.C. §§ 1512, 1513, 1341, 1951(a), 1962(d) (See Doc. 40). He generally misunderstands the "private attorneys general" theory. That theory applies to legislation allowing a private right of action to an identifiable class of private parties with the requisite motivation to vindicate the public interest in antitrust enforcement, civil rights violations, protecting the environment, and penalizing racketeering organizations. The rationale behind this principle is to provide private citizens standing to bring suit to compensate victims and to collect attorney fees. For example, under the Clean Water Act, "any citizen" may bring a suit against an individual or a company that is a source of water pollution. *See,* 33 U.S.C. § 1365(a)(g). Considering this limited role, all of the claims based on Title 18 of the United States Code-with the exception of the RICO claim-would necessarily fail as a matter of law because individuals like the defendant cannot bring suits as private attorneys general in an effort to enforce potential violations of criminal statutes. *Chrysler Corp. v. Ash,* 441 U.S. 281, 316 (1979)("[the U.S. Supreme] Court has rarely implied a private right of action under a criminal statute"). *See, Wright v. Waterside Plaza LLC,* 2008 WL 872281, at *2 (S.D.N.Y. 2008) (generally no private right of action for federal criminal statutes, specifically mentioning 18 U.S.C. §§ 1513, 1341). *See also, e.g.,Zahl v. Kosovsky,* 2011 WL 779784, at * 10 (S.D.N.Y. 2011) (no private right of action pursuant to 15 U.S.C. § 1512);

protestor rhetoric," described by the 5th Circuit as "a hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish" which will not be addressed here. *Crain v. C.I.R.*, 737 F.2d 1417, 1418 (5th Cir. 1984).

## *Discussion*

Rule 7(c) governs the nature and contents of an indictment and requires that the indictment be "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). The Supreme Court has held that "an indictment is sufficient if it, (1) contains the essential elements of the offense charged, (2) sufficiently apprises the accused of what he must be prepared to defend against, and (3) enables the accused to plead a judgment under the indictment as a bar to any subsequent prosecution for the same offense." *Russell v. United States*, 369 U.S. 749, 763-64, (1962). Further, it is generally sufficient if the indictment standing alone contains "the elements of the offense intended to be charged and must be sufficient to apprise the accused of the nature of the offense so that he may adequately prepare a defense." *Clay v. United States,* 326 F.2d 196, 198 (10th Cir. 1963).

In this case, the defendant was indicted on charges of conspiracy and obstruction of justice, in violation of 18 U.S.C. § 1512. The indictment tracks the language of the statutes charged, it references all the elements that must be proven and protects the defendant against double jeopardy. Accordingly, the indictment is valid on its face.

---

*Carvel v. Ross,* 2011 WL 856283, at *12 (S.D.N.Y. 2011) (no private right of action for misprision of felony). *Bender v. Gen. Servs. Admin.,* 2006 WL 988241, at *1 (S.D.N.Y. 2006) (no private right of action under 18 U.S.C. §§ 241, 242 and 1001); *Morton v. Granite,* 1991 WL 33333, at *12–13 (S.D.N.Y. 1991) (no private right of action under 26 U.S.C. § 7214); *Andrews v. Heaton,* 483 F.3d 1070, 1076 (10th Cir. 2007) (same). In contrast, the RICO criminal provisions also provide and avenue for civil litigants to sue. 18 U.S.C. § 1964(c). But even then a plaintiff has standing to sue only if he is "injured in his business or property by reason of a violation of [RICO]." *Id*.

As to the defendant's argument that court or U.S. Attorney personnel may not have had the "proper" credentials, he relies on *United States v. Pignatiello,* 582 F.Supp. 251, 253-54 (D. Colo. 1984) (Doc. 60 at 3).[2] *Pignatiello* applied a *per se* rule that any Rule 6(d) violation required a dismissal of the indictment.[3] Indulging the defendant's argument for a moment, and assuming there was some sort of violation, the indictment would still stand because *Pignatiello* is no longer good law. In *United States v. Kilpatrick,* 821 F.2d 1456 (10th Cir. 1987), the Tenth Circuit ruled that based upon the Supreme Court's decision in *United States v. Mechanik,* 475 U.S. 66 (1986), that a *per se* dismissal rule for violations of Rule 6(d) as applied in *Pignatiello* was no longer proper absence a showing of prejudice. *Kilpatrick,* 821 F.2d at 1468. The defendant has not shown any prejudice, nor made any credible showing that the various employees and officials he names are not properly appointed and sworn.

## *Conclusion*

WHEREFORE, the United States respectfully requests that the Court deny the Defendant's Motion to Dismiss the Indictment.

DATED this 2nd day of April, 2014.

                                            CHRISTOPHER A. CROFTS
                                            United States Attorney

                            By:   */s/L. Robert Murray*
                                            L. ROBERT MURRAY
                                            Assistant United States Attorney

---

[2] The defendant states that due to this state of "defective credentials" the government is barred from even making any response to these motions (Doc. 58 at 12).

[3] While the defendant does not cite to Rule 6(d) specifically, Rule 6(d) specifies who may be present at a grand jury proceeding, referring to "attorneys for the government." In order to qualify as an "attorney for the government," each United States attorney and assistant United States attorney must take an oath to execute faithfully his or her duties before taking office to be authorized. 28 U.S.C. § 544.

# CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2014, I served a copy of the foregoing **RESPONSE TO DEFENDANT'S MOTION TO DISMISS THE INDICTMENT** by *electronic filing* to:

Mark Hardee
Stand by Counsel for Defendant Modeleski

Michael Reese
Counsel for Defendant Hill

              /s/Louisa G. Cruz
              United States Attorney's Office