TRULINCS 44202086 - MODELESKI, MITCHELL PAUL - Unit: SET-D-C    * given name
                                                                 (a "Nom de guerre")
----------------------------------------------------------------

FROM: 44202086
TO: Brown, Thomas; Guenette, Edward; Mullen, Jack; Saccato, Larry
SUBJECT: new essay: "Clerks or Jerks? ...."
DATE: 04/25/2014 11:33:01 AM

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2014 MAY 2  PM 12 17
STEPHAN HARRIS, CLERK
CHEYENNE
Case No. #2:14-CR-00027-NDF-2

"Clerks or Jerks?  The Pivotal Duties of Federal Court Clerks"

                           by

          Paul Andrew Mitchell, B.A., M.S.
          Private Attorney General, 18 U.S.C. 1964, Rotella v. Wood

          All Rights Reserved (cf. UCC 1-308)

                  April 24, 2014 A.D.

   The credential investigation, as we call it, became an ongoing effort
in late August 2001.  At that time, this writer filed a complex copyright
lawsuit in Sacramento, California, USA.  Although Clerk's Office personnel
were definitely on our radar, we did not take that opportunity to delve
too deeply into the various legal duties that are imposed by law upon
Clerks and Deputy Clerks of Federal Courts.  Our plates were quite full
with subpoenas to defense attorneys for their (missing) licenses, and
FOIA requests for the credentials required of Federal Judges and Magistrates.

   As the credential investigation expanded and matured during a period
spanning more than a decade after 2001, our focus slowly but surely
shifted to the pivotal role of Federal Court Clerks in almost every activity
and function performed by those Courts.  This shift was driven chiefly
by the Federal statute at 28 U.S.C. 1691, which requires a Clerk's
authorized signature -and- the Court's official seal on ALL "process"
issued by the Court.

   That term -- "process" -- covers just about anything and everything
a Federal Court might contemplate doing, such as subpoenas, orders,
writs, warrants, summonses, judgments, injunctions, and so on.
Section 1691 was first enacted on June 25, 1948, and it has never been
amended, to this day.

   On closer examination of relevant case law which has accumulated
under Section 1691 during the 65 years it has been law, we were
encouraged to find standing decisions which held that its 2 simple
requirements are also jurisdictional in nature: a Federal Court
is deprived of jurisdiction in personam if it attempts to issue
any summons, subpoena, writ or warrant that does not clearly
satisfy those 2 requirements.

   It was not too long before we were compelled to consider the
legal implications that arise whenever Clerk's Office personnel
neglect or refuse to produce evidence of their own credentials.
For Clerks and Deputy Clerks of Court, those credentials include
the U.S. Office of Personnel Management Standard Form 61
("SF-61"), and the second OATH required of all Clerks and
Deputy Clerks by 28 U.S.C. 951 (duties).

   The latter term -- "duties" -- was then our immediate motivation
to consider the broader range of tasks which are necessarily tainted,
and thereby rendered void, whenever Clerks and Deputy Clerks of Court

Case 2:14-cr-00027-NDF   Document 76   Filed 05/02/14   Page 3 of 7

TRULINCS 44202086 - MODELESKI, MITCHELL PAUL - Unit: SET-D-C
----------------------------------------------------------------------------------------------------

fail to maintain legal custody of their own valid SF-61 credentials. That motivation was boosted by the statute at 5 U.S.C. 2906, which expressly designates the "court" -- NOT the Administrative Office of the U.S. Courts in Washington, D.C. -- as the legal custodian of all SF-61s required of all Court officers, no exceptions.

This line of reasoning ended up leading us to two primary and unavoidable conclusions:
(1) Clerks and Deputy Clerks must have legal custody of their own SF-61 credentials, because maintaining all such records is one of their stated duties; and,
(2) a Federal Court is effectively rendered totally impotent, insofar as there are no personnel in the Clerk's Office who are duly authorized to satisfy the 2 clear requirements of Section 1691.

Lacking required credentials that are also maintained in their legal custody, all of the latter interlopers -- i.e. impostors -- are not only barred from signing any Court process; they are also barred from ever handling the Court's official embossing seal, and from affixing that official seal to any Court process whatsoever.

Those are not the only duties imposed by law upon Clerks and Deputy Clerks of Court. A deeper search then revealed a much larger range of their official duties. For example, Federal Clerks of Court also:

(a) select and summon juries;
(b) maintain custody of all Court records;
(c) execute and preserve their own SF-61 credentials;
(d) execute and preserve the second OATH required by 28 U.S.C. 951;
(e) hire and delegate authority to Deputies;
(f) transmit and archive electronic documents via email and the Internet;
(g) handle all monies deposited with the Court;
(h) supervise all "back office" administrative operations; and so on.

If some Deputy Clerks lack valid credentials, it is very likely that SOME of those duties are being performed without any lawful authority. In contrast, if the person claiming to be the Clerk of Court lacks valid credentials, then ALL of those duties are being performed without any lawful authority.

The latter conclusion necessarily follows from the fact that no superior Clerk authority(s) can be delegated to any subordinate Deputy Clerk(s), if the person claiming to be the Clerk of Court also lacks valid credentials: delegation of authority is rendered legally impossible whenever the latter condition is true.

As long as the Office of Clerk of Court is legally vacant, there is no authority and no responsibility to delegate, period!

The absence of valid credentials also implicates the suspects in acts and omissions that warrant criminal penalties. The most obvious offenses are concealing records in violation of 18 U.S.C. 1519, and impersonating officers of the United States in violation of 18 U.S.C. 912.

Other offenses necessarily follow as direct consequences of

TRULINCS 44202086 - MODELESKI, MITCHELL PAUL - Unit: SET-D-C
--------------------------------------------------------------------------------

impersonation and concealing records. For example, a myriad of RICO "predicate acts" are also probable, in violation of 18 U.S.C. 1962, as are deprivations of the Oath of Office Clause in the U.S. Constitution, in violation of 18 U.S.C. 242 (a misdemeanor), and conspiracy to do so in violation of 18 U.S.C. 241 (a felony Federal offense).

A simple example will serve to illustrate how quickly the "rap sheet" expands. A Clerk of Court may announce a job opening by publishing a portable document on the Internet. That announcement uses standard letterhead which displays the name and title of the person claiming to be "Clerk of Court," but s/he lacks valid credentials as a matter of fact.

Whenever someone views that computer file, its transmission or "download" via the Internet implicates the impostor/clerk in felony wire fraud, in violation of 18 U.S.C. 1343. Transmission of that document via U.S. Mail also implicates the impostor/clerk in felony mail fraud, in violation of 18 U.S.C. 1341. And so it goes, further implicating a seemingly endless series of other RICO predicate acts itemized at 18 U.S.C. 1961 e.g. jury tampering, obstruction of justice etc.

When their negligence to prevent and failure to remedy these crimes also touch other key officers, like Federal Judges and U.S. Attorneys, it is no exaggeraton to allege and report the existence of an ongoing conspiracy to engage in a pattern of racketeering activities, in violation of 18 U.S.C. 1962(d). Only two (2) RICO predicate acts during any given 10-year period qualify as a pattern of racketeering activities. See 18 U.S.C. 1961(5). Here, see also 18 U.S.C. 4 (misprision of felony).

In plain English, such a Federal courthouse is thus harboring an organized crime racket that is expressly prohibited by the Federal RICO laws.

In conclusion, the rapid "domino effect" of so many RICO predicate acts should alarm even casual observers of this ongoing pattern of racketeering activities. All the more so are active litigants in great jeopardy of being victimized, and substantially damaged, by the manifold frauds those activities cause.

One of the most disturbing aspects of this entire crisis is the widespread failures by licensed defense Counsels to investigate diligently the pertinent laws and relevant facts, and to take all steps necessary and appropriate to protect their legal clients from the obvious actual and consequential damages.

After all, licensed attorneys are also "officers of the Court," and they are likewise bound to support and defend the Oath of Office Clause at Article VI, Clause 3, in the U.S. Constitution to the same extent as all other Federal officers and employees. Here see 4 U.S.C. 101 (re: judicial officers of a State):

"Where rights secured by the Constitution are involved, there can be no rule making or legislation which would

TRULINCS 44202086 - MODELESKI, MITCHELL PAUL - Unit: SET-D-C
--------------------------------------------------------------------------------

abrogate them." -- Miranda v. Arizona

With all sincerity, we look forward anxiously to the day when this entire mess is thoroughly addressed and finally fixed. At a minimum, all confirmed impostors need to be removed and replaced with personnel who will honor and obey all laws which specifically apply to the Offices of Clerk and Deputy Clerk of Court.

# # #

*Paul Mitchell*
(chosen name)

FEDERAL DETENTION CENTER
NAME: MODELESKI, M.P. (given name)
REG: 44202-086  UNIT: FDC
P.O. BOX 13900
SEATTLE, WA. 98198-1090

Re:
#2:14-CR-00027-NDF-2

All Rights Reserved
(cf. Ucc 1-308)

To: Presiding Judge
District Court of the United States
2120 Capitol Avenue
Cheyenne 82001
Wyoming, USA  82001