*given name PM

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2014 MAY 16 AM 11 31

STEPHAN HARRIS, CLERK
CHEYENNE

FROM: 44202086
TO: Brown, Thomas; Guenette, Edward; Mullen, Jack; Saccato, Larry
SUBJECT: FIRST SUPPLEMENT TO MOTIONS TO DISMISS
DATE: 05/09/2014 09:21:12 PM

FIRST SUPPLEMENT TO MOTIONS TO DISMISS, BY AFFIDAVIT

TO:
Presiding Judge (duly credentialed)
District Court of the United States ("DCUS")
2120 Capitol Avenue
Cheyenne 82001
Wyoming, USA

DATE: May 10, 2014 A.D.

RE:
#2:14-CR-00027-NDF-2 (USDC/Cheyenne)
#MJ-14-00030-JPD (USDC/Seattle)

Greetings Your Honor:

The following serious errors have also arisen in the instant cases:

(1) no litigation of Defendant's Cross-Complaints has occurred
e.g. Habeas Corpus Relief, FOIA Enforcement, Civil RICO remedies
at both USDCs (Seattle and Cheyenne), and litigation records have
been concealed from the Defendant, all in violation of the Petition
Clause in the First Amendment and 18 U.S.C. 241, 242, 1513, 1519
(for starters): "The Petition Clause is the Right conservative of
ALL other rights" (see U.S. Supreme Court cases on this point);

(2) willful manipulation and violation of the Speedy Trial guarantee:
from 1/28/2014 to 5/10/2014 = 103 days (not 70);
from 1/15/2014 to 5/10/2014 = 116 days (not 70);
adding 10 full days for "transport" is ludicrous;
Seattle-to-Cheyenne takes 1 day by plane, maybe 2 days;
total number of moves to date = 28 TIMES
(see Defendant's AFFIDAVIT); adding a full 30 days
for a second psychological evaluation was without basis
and without justification:

Defendant was provided no motion, no notice of any motion,
no notice of any hearing, and no hearing on any motion
for a second psychological evaluation; said "order"
as signed by Ms. Freudenthal violated 28 U.S.C. 1691 (again);

(3) venue was always proper in Seattle; Defendant last stepped
foot in Wyoming during a college ski trip in December 1968;
wrong venue violates FRCrP Rule 18;

(4) all Court "process" to date violated 28 U.S.C. 1691;
no credentials were produced for Clerks and Deputy Clerks
of Court at USDC/Cheyenne and USDC/Seattle i.e.
Messrs. McCool, Harris, Fisher, and Ms. Hilliker;

(5) Ms. Freudenthal must be recused nunc pro tunc for
obvious bias demonstrated during the hearing on 3/21/2014:
the credential investigation is NOT some kind of deranged

"pathological obsession"; Freudenthal even apologized
to Defendant in open court i.e. on the record, and either knew
or should have known better than to insult Defendant;

(6) docket updates were apparently served on "stand-by counsel"
Mark Hardee, but Hardee has never legally represented Defendant
and Hardee does not now legally represent Defendant, who
has always appeared under protest In Propria Persona, 28 U.S.C. 1654:
cf. "In Propria Persona" in Black's Law Dictionary, 6th Edition;

Hardee also failed to forward docket updates to Defendant,
or do any of the simple tasks requested by Defendant e.g.
obtain blank subpoenas, obtain Defendant's USMS file to support
Defendant's NOTICE OF PUBLIC-AUTHORITY DEFENSE
under FRCrP Rule 12.3; Hardee also lacks client focus;

Hardee's gross negligence violates the Sixth Amendment
guarantee of effective assistance of Counsel for a Party
appearing personally under 28 U.S.C. 1654 (NOT by counsel);
no REPLY(s) to Defendant's two (2) MOTIONs TO DISMISS
were ever forwarded to Defendant by Hardee or by anyone else;
see Johnson v. Zerbst (Court is thus OUSTED of jurisdiction);

(7) all "diesel/jet fuel therapy" (28 moves to date)
violated the Eighth Amendment prohibiting cruel and
unusual punishment, as did ~15 days in solitary confinement
and several incidents of sleep deprivation, one lasting 72+ hours;

lack of OMB control numbers on BOP's intake forms
did NOT justify any solitary confinement; see Public Protection
Clause in the Paperwork Reduction Act at 44 U.S.C. 3512 in chief
i.e. complete defense, bar or otherwise at any time during
judicial or administrative proceedings;

(8) during all hearings, administration of oaths to the
Defendant, and to one IRS "witness," was not lawful under
28 U.S.C. 953, because courtroom "clerks" have also failed
to produce credentials i.e. SF-61 and second OATH required
by 28 U.S.C. 951; all such oaths have now been rescinded
by Defendant formally in writing; see Defendant's NOTICE
OF RESCISSION BY AFFIDAVIT (April 28, 2014);

(9) the second psychological evaluation was compelled under duress
after moving Defendant a total of 28 times, but without assistance
of Counsel, without Miranda warnings re: self-incrimination,
without Defendant's consent to waive Counsel, and without
tape-recording of any interviews;

as such, the Fifth and Sixth Amendments were violated;
see case law already provided to Dr. C. Low dba Forensic
Psychologist at FDC SeaTac; Defendant's age also implies
elder abuse: Defendant will be 66 years old on 6/21/2014;

(10) missing Clerks' credentials mean that Defendant cannot
obtain ANY lawful blank subpoenas under FRCrP Rule 17:
such blank subpoenas would also violate 28 U.S.C. 1691 per force
in any case due to all the missing credentials for Clerk's Office
personnel;

(11) Freudenthal practiced law from the bench, e.g. by
attempting to rule on a "motion" from the government but
without notice to Defendant of any such motion and
without notice to Defendant of any hearing on any
such motion either:

Hardee has aided and abetted this fraudulent practice
by not forwarding any such motions or notices to the
Defendant, even if they did exist; no PROOFs OF SERVICE
upon Defendant exist, nor any MINUTE ORDER(s) either;

no government motions to dismiss Defendant's
Cross-Petitions were ever served on Defendant e.g.
for Habeas Corpus Relief, FOIA Enforcement and
Civil RICO remedies; and, all of Defendant's MOTIONs
seeking relief in said Petitions were unopposed but then
were summarily "denied" by Freudenthal on 3/21/2014;
practicing law from the bench is a high misdemeanor
Federal offense;

(12) Freudenthal has developed irreparable conflicts
of interest, partially detailed in Defendant's DEMAND
TO RECUSE Freudenthal: the arrest "warrant" violated
28 U.S.C. 1691, and was properly refused; Freudenthal's
gross negligence failed to maintain proper supervision
of Clerk's Office personnel who evidently all lack valid SF-61s
-and- the second OATH required by 28 U.S.C. 951;

such negligence affects all prior cases on which Freudenthal
has presided since being appointed on "day one," and implicates
Freudenthal in multiple ongoing violations of 18 U.S.C. 2 and 3
(aiding and abetting, and accessory after the fact, respectively);
see all of Defendant's VERIFIED CRIMINAL COMPLAINTs, in chief;

Freudenthal evidently did NOT read Defendant's pleadings which cited
18 U.S.C. 1504 and specifically requested timely INTERLOCUTORY
JUDGMENT on the last paragraph re: proper "request to appear";
the clarification in the LexisNexis version of the U.S.C.S. controls: the
last paragraph was added to eliminate the possibility that a proper request
to appear [in writing] might be a technical violation of 18 U.S.C. 1504;

(13) full credentials for Clerk's Office personnel and
all "government attorneys" were never produced and
now assume facts not in evidence: see FRCrP Rules 1, 6, 7;
5 U.S.C. 2104, 2903, 2906, 3331, 3332, 3333, 5507; and,
FREV Rule 201(c)(2): mandatory judicial notice
(NOT discretionary judicial notice under 201(c)(1));

(14) many of Defendant's 28 moves left Defendant
totally and deliberately stranded and without any adequate
law library resources e.g. at the Scotts Bluff County
Detention Center in Gering, Nebraska;

(15) Defendant's right of judicial review under 5 U.S.C. 702
was deliberately infringed, chiefly concerning the official written
admissions -- by OPM -and- OMB -- that no OPM Application exists
for periodic review and approval of the electronic SF-61
published at OPM's Internet website; 5 U.S.C. 702 expressly
waives sovereign immunity, to wit:

"The United States may be named as a defendant in such an action, and a judgment or decree may be entered against the United States ...."

(16) further serious errors were already well documented in Defendant's two (2) MOTIONs TO DISMISS.

### VERIFICATION

I, Paul Andrew Mitchell, Citizen of Washington State, qualified Federal Witness, and Private Attorney General, hereby verify under penalty of perjury, under the laws of the United States of America, without the "United States" (federal government), that the above statement of facts and laws is true and correct, according to the best of my current information, knowledge, and belief, so help me God, pursuant to 28 U.S.C. 1746(1). See Supremacy Clause (Constitution, Laws and Treaties of the United States are the supreme Law of the Land).

Dated: May 10, 2014 A.D.

Signed: *Paul Mitchell* (chosen name)

Printed: Paul Andrew Mitchell, B.A., M.S., Relator In Propria Persona (NOT "Pro Se")
(expressly NOT a "citizen of the United States" aka federal citizen: Pannill v. Roanoke), and Private Attorney General, 18 U.S.C. 1964, Rotella v. Wood (objectives of Civil RICO)
All Rights Reserved (cf. UCC 1-308)

FEDERAL DETENTION CENTER
NAME: MODELESKI, M.P. (given name)
REG: 44202-086  UNIT: DC
P.O. BOX 13900
SEATTLE, WA. 98198-1090

Re:
#2:14-CR-00027-NDF-2
(USDC/DWY)

All Rights Reserved
(cf. UCC 1-308)

LEGAL MAIL

TO: Presiding Judge
District Court of the United States
2120 Capitol Avenue
Cheyenne 82001
Wyoming, USA