TRULINCS 44202086 - MODELESKI, MITCHELL PAUL - Unit: SET-D-C

----------------------------------------------------------------------

FROM: 44202086
TO: Brown, Thomas; Guenette, Edward; Mullen, Jack; Saccato, Larry
SUBJECT: NOTICE OF PROTEST (cf. UCC 1-308)
DATE: 05/19/2014 08:41:25 PM

NOTICE OF PROTEST: UCC 1-308

TO:
Office of the Presiding Judge
District Court of the United States ("DCUS")
2120 Capitol Avenue, Room 2131
Cheyenne 82001-3658
Wyoming, USA

RE: #2:14-CR-00027-NDF-2, USA [sic] v. Hill et al.
    ("UNITED STATES OF AMERICA" is not a proper party, however)

Authorities: 18 U.S.C. 1504, 1702; Seventh Amendment common law

Greetings Your Honor:

I am hereby lodging a FORMAL PROTEST concerning my first
NOTICE OF TERMINATION, which was returned to sender ("RTS")
evidently by persons unknown and most probably in Cheyenne, Wyoming:

(1) the annotated envelope was re-mailed with a second first class
postage stamp, and it should now be in the Docket recods of the
instant case supra;

(2) I have already mailed numerous other items to:
Office of Chief Judge, U.S. District Court, 2120 Capitol Ave.,
Cheyenne 82001, Wyoming, USA;  and, none was ever
returned to sender ("RTS") for lack of a suite number;

(3) the mailed items at (2) above now appear in the Docket listing
I was given on 3/21/2014, as proof they were delivered as addressed;
e.g. see Docket #53, Page 4 of 5;

(4) furthermore, my common law right to change my name is being
repeatedly infringed by Federal government personnel:  see
Doe v. Dunning, 87 Wn.2d 50, 549 P.2d 1 (1976) as quoted in
AGO 1985 No. 10;  a copy of the latter AGO is enclosed and
incorporated by reference, as if set forth fully here;

(5) my NOTICE OF TERMINATION has been further complicated by
the Docket error identifying me as "represented by Mark C Hardee" [sic];

(6) I am NOT now legally represented by Mr. Mark C. Hardee;  and,
I have NEVER been legally represented by Mark C. Hardee;
he attended the 3/21/2014 hearing and witnessed me
REPEATEDLY assert my right to appear In Propria Persona;

(7) I have always appeared In Propria Persona i.e. "personally"
and NOT by counsel:  see 28 U.S.C. 1654 (personally -OR- by counsel);

(8) consequently, I am being systematically punished in numerous
ways i.e. BEFORE trial, for doing what I had a right to do!
In this context, please see 18 U.S.C. 1504, in particular

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2014 MAY 27 PM 1 23
STEPHAN HARRIS, CLERK
CHEYENNE

TRULINCS 44202086 - MODELESKI, MITCHELL PAUL - Unit: SET-D-C

----------------------------------------------------------------------------

(last paragraph was added to eliminate the possibility that
a proper request to appear before a grand jury might be
construed as a technical violation of Section 1504);

(9) "Punishing a person for doing what he had a right to do
is a basic due process violation." U.S. v. Sanders, 211 F.3d 711;

(10) it is frankly ridiculous even to suggest that U.S. Postal Service
personnel employed at Cheyenne, Wyoming, do NOT know where the
U.S. District Court is located, particularly when "U.S. District Court"
and "2120 Capitol Ave." are both staring them in the face (???);

(11) see also U.S. Postal Service Publication #221 for the
correct "foreign address" format: in point of Law, the 50 States
of the Union are legally "foreign" with respect to each other,
for purposes of Federal MUNICIPAL laws; and,

(12) for all of the reasons stated above, I now find it necessary
to disagree politely with the hand-written statements by
Ms. C. Pirone, Unit Counselor at FDC SeaTac (copy is enclosed
and incorporated by reference, as if set forth fully here).

Sincerely yours,
Paul Andrew Mitchell, B.A., M.S. (chosen name)   */s/ Paul Mitchell*
Co-Defendant, Relator In Propria Persona, and
Private Attorney General, 18 U.S.C. 1964,
Rotella v. Wood, 528 U.S. 549 (2000) (objectives of Civil RICO)
All Rights Reserved (cf. UCC 1-308)

see also } VII — Petition Clause; freedoms of speech & association;   Oath of Office (never amended!!!)
18 USC 1504, last paragraph.
(See 18 USCS 1504, Lexis/Nexis version)

IV   Fourth Amend.              FR ( ) 7, 17, 18
  illegal search warrant;        12, 3,
  illegal arrest warrant;        have all been
  illegal detention "orders";    violated several
  no valid oath or affirmation;  different ways!

V   Fifth Amend. probable cause;
  due process violations, numerous;
  no Habeas Corpus litigation; private property take
  no jurisdiction in personam; w/o just compensation;
  illegal grand juries; compelled to be a

VI  Sixth Amend.   witness against self
no adequate  ineffective assistance of counsel (prior evid.) #2;  FOIA Request for
law library  Speedy Trial guarantee;                               Sarah Y. Vogel obstructed
resources:   wrong venue (States district);                        by FPD Seattle;
often!       prejudice against ProPer, 1654;  denied compulsory

VII  Seventh Amend.   process for obtaining witnesses
see I {  cross-complaints obstructed:                              in my favor;
also ↑ }  FOIA; Civil RICO; 5 U.S.C. 702 (right of judicial review)
         42 U.S.C. 1985, 1986; (neglect to prevent, failure to remedy!)
         common-law right to change name: AGO 1985 No. 10

VIII Eighth Amend.                                (enclosed)
     cruel and unusual punishment              + Doe v. Dunning
                                                 87 Wn. 2d 50,
                                                 549 P.2d 1 (1976)
                                                 ★★★★★

X   Tenth Amend.   | Please file in:
  class discrim. against | #2:14-CR-00027-NDF-2
  State Citizens in

TRULINCS 44202086 - MODELESKI, MITCHELL PAUL* - Unit: SET-D-C

*given name*

---

FROM: 44202086
TO: Brown, Thomas; Guenette, Edward; Mullen, Jack; Saccato, Larry
SUBJECT: need another quick favor, please ...
DATE: 05/13/2014 09:42:18 AM

— COPY —

[Stamp: FILED U.S. DISTRICT COURT DISTRICT OF WYOMING 2014 MAY 27 PM 1 23 STEPHAN HARRIS, CLERK CHEYENNE]

[Handwritten: PM Please file #2:14-CR-00027-NDF-2]

Dear Friends,

We don't know why, but for some unknown reason the Post Office in Cheyenne, Wyoming, returned my NOTICE OF TERMINATION to sender ("RTS"), even though the address was perfectly correct.

"RTS" = USPS abbreviation for Return To Sender

The Counselor for our Unit "DC" handed it back to me; and, when I showed her the address, she went onto the Internet and confirmed that the address was perfect.

[Handwritten note: NO, The Address WAS NOT Perfect. You were missing the suite # for them.
Your letter went out to wyoming and it did noT have the complete Address there fore it was Returned to you — The stamp was used.]

So, we don't know exactly why it was returned.

I then annotated the envelope on the front and back, to inform the Postmaster/Supervisor at the USPS that the address was correct the first time I mailed that item, and then I attempted to post it a second time yesterday.

Early this morning, the night guard handed it back to me because the return address showed my chosen name AND my given name. Evidently, he did not notice all of the other problems that were obvious on that envelope i.e. a machine stamp indicating that it had reached Cheyenne, Wyoming.

That item was posted BEFORE I was told to show ONLY my given name in the return address of my outgoing U.S. Mail. So, before posting it the second time, I added my given name.

[Handwritten insertion: While you are here, you will use the name we have you under to send out mail.]

RECOMMENDATION: You could help me a lot by writing a short letter to the Postmaster at the U.S. Post Office in Cheyenne, Wyoming 82001, to inform that Post Office of this problem.

[Handwritten note: I don't know why you have given me this — the post office in wyoming had every right to return your letter for a "complete" address. don't know what you're expecting so I am Returning this to you.
C. Pierre
Unit Counselor]

A copy of that letter (or this message) should also be mailed to the Office of the Chief Judge, U.S. District Court, 2120 Capitol Avenue, Cheyenne, Wyoming 82001.

Repeating, the latter address is the CORRECT ADDRESS!

p.s. Simply printing and mailing this message would be fine too: the address you can use for the USPS is: Postmaster/Supervisor, U.S. Post Office, Cheyenne, Wyoming, USA 82001.

Many thanks!
/s/ Paul

[Handwritten signature: Paul Mitchell (chosen name)
see Doe v. Dunning, Washington Supreme Court]

TRULINCS 44202086 - MODELESKI, MITCHELL PAUL* - Unit: SET-D-C

*given name

FROM: Saccato, Larry
TO: 44202086
SUBJECT: Name Change Washington AG opinion No. 8510 (Common Law Fundumental Right)
DATE: 05/02/2014 08:06:12 AM

June 27, 1985

— COPY —

PM

Honorable Nancy Rust
State Representative, 1st District
18747 Ridgefield Road N.W.
Seattle, Washington 98177

Please file in:
#2:14-CR-00027-NDF-2;
see underlined statements below...

Cite as: AGO 1985 No. 10

Dear Representative Rust:

By recent letter you requested our opinion on a question which we paraphrase as follows:

In order for a previously married woman to change her last name following a dissolution of marriage, is it legally necessary for her to seek and obtain a court order to that effect pursuant to RCW 4.24.130 or RCW 26.09.150?

We answer the foregoing question in the negative for the reasons set forth in our analysis.

ANALYSIS

RCW 4.24.130, which you cited in your letter, is derived from (and codifies a section of) the Washington Territorial Code of 1881. The full text of that statute reads as follows:

"Any person desiring a change of his name or that of his child or ward, may apply therefor to the superior court of the county in which he resides, by petition setting forth the reasons for such change; thereupon such court in its discretion may order a change of the name and [[Orig. Op. Page 2]] thenceforth the new name shall be in place of the former." [Emphasis supplied].

Also to be noted, although not cited in your letter, is RCW 26.09.150 which codifies § 15, chapter 157, Laws of 1973, 1st Ex. Sess. and relates to the entry of a decree of dissolution of marriage or declaration of invalidity. The final paragraph of that statute reads as follows:

"Upon request by a wife whose marriage is dissolved or declared invalid, the court shall order a former name restored and may, on motion of either party, for just and reasonable cause, order the wife to assume a name other than that of the husband."

As we understand it, based on informal advice from this office the State Department of Licensing (DOL) recently refused to issue a driver's license to a formerly married woman in a name other than her married name without a court order, under one or the other of those two statutes, legally establishing the new last name she now desires to use. As you also have noted, however, this office in a formal opinion dated January 30, 1928, concluded as follows:

"In the matter of the choice of a name for a person, it is fundamental law that any person may use any name he sees fit, provided that the use thereof is not with the intent to defraud. The custom of persons taking names from their male parent is merely a custom and is not binding upon anyone, and the same may be said of the custom of a woman taking her husbands's name. In the matter of the choice of a name the individual has absolute liberty provided that a name is not assumed for the purpose of committing a fraud." [Emphasis supplied].

No mention was made of RCW 4.24.130 (then codified as RRS § 998) in that 1928 opinion. Nor, likewise, was any mention made of either that statute or RCW 26.09.150, supra (enacted in 1973) in the recent case of Doe v. Dunning, 87 Wn.2d 50, 549 P.2d 1 (1976) in which the Washington Supreme Court, at page 53, set forth the same basic common law principle as follows:

"Under well established principles of common law, a person is free to adopt and use, absent a statute to the contrary, any name that he or she sees fit so long as it is not done for any fraudulent purposes and does not [[Orig. Op. Page 3]] infringe

Case 2:14-cr-00027-NDF   Document 90   Filed 05/27/14   Page 6 of 8

TRULINCS 44202086 - MODELESKI, MITCHELL PAUL - Unit: SET-D-C
--------------------------------------------------------------------------------

upon the rights of others. . . . This common-law right applies as well to the surnames of married women. While it may be that it is considered customary for a woman to take her husband's surname upon marriage, it is custom only and not a legal requirement. . . ." [Emphasis supplied].

In our opinion the point, quite simply, is that both RCW 4.24.130 and RCW 26.09.150 are, by their own express terms, permissive and not mandatory. Under the former a person desiring to change his or her name (or that of his or her child or ward) may apply therefor to the superior court of the county in which he or she resides. In turn, by following that procedure the individual can obtain an official court order attesting to the particular name change involved. But the statute does not purport to require that this formal procedure be followed in order to effectuate a change in name. Therefore, RCW 4.24.130 is not a "statute to the contrary" within the purview of the common law rule.

We reach the same conclusion with respect to RCW 26.09.150, supra. We note, of course, that the second part of that provision is in derogation of the common law rule; i.e., even against her wishes a woman whose marriage is dissolved or declared invalid may, for just and reasonable cause, be ordered to assume a name other than that of her former husband. The first part of the statute, on the other hand, is like RCW 4.24.130, supra, in the sense that it enables a person (here, specifically, a wife whose marriage is dissolved or declared invalid) to obtain a court order changing her name -in this instance, restoring her former name. But the statute does not purport to require the woman to take that action at the time of her dissolution of marriage or forever after be barred from taking and using either her former name or some other name of her choosing. Compare, Ogle v. Circuit Court, 89 S.D. 18, 227 N.W.2d 621 (1975). And therefore, on that count, RCW 26.09.150 (like RCW 4.24.130) is not in derogation of the common law rule so as to affect our answer to your question.

A succinct summary of these two points of law appears in 57 Am.Jur.2d, Name, § 11 (p. 282) as follows:

"In most jurisdictions, a change of one's name is regulated by statutes which prescribe the proceedings by which such change is to be accomplished. Such statutes, it is held, merely affirm, and are in aid of, the common-law rule. They do not repeal the common law by implication or otherwise, but afford an additional method [[Orig. Op. Page 4]] of effecting a change of name. The statutory method of changing one's name has distinct advantages: it is speedy and definite, and provides a record by which the change of name is definitely and specifically established and easily proved even after the death of all contemporaneous witnesses." [Emphasis supplied]

We believe both points thus made to be well taken. Utilization of the procedures set forth in RCW 4.24.130 and/or RCW 26.09.150 to obtain a court order reflecting a name change has much to recommend it in terms of definiteness and certainty. But those statutes do not repeal the common law and thus they merely afford an additional method of effecting a change of name. We therefore answer your question, as above stated, in the negative; i.e., it is not legally necessary, in order for a previously married woman to change her last name following a dissolution of marriage, for her to seek and obtain a court order so changing her name pursuant to RCW 4.24.130 or RCW 26.09.150.1/

We trust that the foregoing will be of assistance to you.

Very truly yours,
KENNETH O. EIKENBERRY
Attorney General

PHILIP H. AUSTIN
Senior Deputy Attorney General

*Please file in:*
*#2:14-CR-00027-NDF-2*

FEDERAL DETENTION CENTER
NAME: MODELESKI, M.P. (given name)
REG: 44202-086 UNIT: DC
P.O. BOX 13900
SEATTLE, WA. 98198-1090

In re:
#2:14-CR-00027-NDF-2
All Rights Reserved
cf. UCC 1-308)

TO: Office of the Presiding Judge
    District Court of the United States
    2120 Capitol Ave., Room 2131
    Cheyenne 82001-3658
    Wyoming, USA  82001

