NOTICE OF MOTION AND
MOTION TO STRIKE: 28 U.S.C. 1654; and,
International Covenant on Civil and Political Rights
("SEALED") Case No. #2:14-CR-00027-NDF-? [sic] ("ICCPR")

Margin Notes:

TO: Chief Judge (duly credentialed)
U.S. District Court (cf. 18 U.S.C. 3164(c))
2120 Capitol Ave., 2nd Floor
Cheyenne 82001
Wyoming, USA

RE: false arrest,
false imprisonment,
fraudulent concealment

DATE: June 5, 2014 A.D.

The Undersigned appears personally under 28 USC 1654. The Court is hereby moved to strike the following items from the record:

(1) government MOTION requesting ORDER authorizing a "psychological evaluation";

(2) "ORDER" allegedly authorizing a [second] "psychological evaluation"; and,

(3) report by Dr. C. Low dba forensic psychologist at FDC SeaTac (Seattle/Tacoma)

Justification:

Item (1) above was never served upon the Undersigned, who has always appeared In Propria Persona, and was never legally "represented" by any licensed attorney(s). No notice of any such MOTION, and no notice of any hearing(s) on any such MOTION, were ever served upon him. And, no hearing on any such MOTION was ever conducted in the presence of the Undersigned.

Margin notes:
- NOT "by Counsel" (i.e. NOT represented)
- 28 USC 1691
- cf. Black's Law Dictionary 6th Edition

-1 of 4-

Margin Notes:

Item (2) above suffers from the same deficiencies as Item (1) above i.e. no MOTION, no notice of MOTION, and no notice of hearing were ever served on the Undersigned; and, no hearing was ever conducted with the Undersigned being present. Moreover, Item (2) bore a stamp exhibiting the name "STEPHAN HARRIS". [ICCPR; 28 USC 1691 (signature and seal)] The latter has refused to produce any credentials for at least six (6) YEARS, and has now been charged with violating 18 U.S.C. 1519 (concealing Court records). [18 USC 1519; 5 USC 2906 ("court"); 5th Amend.] As such, Item (2) was fraudulent ab initio for violating due process of law.

Item (3) was written without a lawful ORDER authorizing any "psychological evaluation" of the Undersigned. Moreover, he provided Dr. Zow with three (3) court cases which held, as a group, that:
[6th Amend.] (a) the Undersigned had a Right to assistance of counsel during all interviews;
[5th Amend.] (b) Dr. Zow was required to inform him of that Right before interviews began;
[5th Amend.] (c) Dr. Zow was required to inform him that his statements during interviews

— 2 of 4 —

Margin Notes:

were **not** protected by physician-patient confidentiality, nor by attorney-client confidentiality or attorney-client privilege;

**5th Amend.** (d) Dr. Zow was required to inform him that her "report" would be conveyed to the prosecution; and,

(e) all interviews needed to be tape-recorded, but **none** were tape-recorded!

In all respects (a) thru (e) above, the so-called "psychological evaluation" and related "report" both failed are requirements imposed by the guarantees

**Fifth Amend.; Sixth Amend.** in the Fifth and Sixth Amendments, read: the Undersigned's Fundamental Rights, none of which he has ever waived.

If Mr. Mark C. Hardee was considered the Undersigned's "stand-by counsel" (or his "legal representative") when Dr. Zow's interviews were conducted, Mr. Hardee was **NOT** present during **ANY** of those interviews!!

Neither Dr. Zow, nor the staff Psychiatrist at FDC SeaTac, ever asked the Undersigned if he wished to waive the assistance of counsel during those interviews.

As such, Items (1), (2), and (3) all violated

the long-standing requirement for **Miranda Warnings!** See Miranda v. Arizona: re: rights secured.

| Margin Notes: | |
|---|---|
| | Statements made by the Undersigned to Dr. Zow were made under duress of unlawful arrest and unlawful incarceration; as such, his statements under duress did NOT constitute competent waivers of any fundamental Rights. See Brady v. U.S. (re: high standard established for waivers of fundamental |
| 5th Amend.; 6th Amend.; ICCPR | Rights, such as those guaranteed by the Fifth and Sixth Amendments). |

— REMEDY —

| | |
|---|---|
| | This Court should strike from its official records the MOTION requesting, and the "ORDER" allegedly |
| "psych eval" | authorizing, a "psychological evaluation", and the report prepared by Dr. C. Zow in connection with interviews conducted at FDC SeaTac without proper Miranda Warnings, and without adequate technical assistance of counsel, to the Undersigned -- |
| cf. ICCPR; 28 USC 1654; UCC 1-308 | who consistently reserves all Rights without prejudice. Respectfully submitted June 5, 2014 A.D. |
| Signed: | Paul Andrew Mitchell |
| Printed: | Paul Andrew Mitchell, B.A., M.S. (chosen name*) Relator In Propria Persona, 28 U.S.C. 1654 |
| - 4 of 4 - | (All Rights Reserved (cf. UCC 1-308, ICCPR) |

— 4 of 4 —

* See Doe v. Dunning, Wash. State Supreme Court

INMATE NAME: MODELESKI, M.P. (given name)
#45396
SCOTTS BLUFF COUNTY DETENTION CENTER
PO BOX 130
GERING, NE 69341-0130

SBCDC Disclaims Any Responsibility For The Nature of the Content of this Correspondence

NORTH PLATTE NE 691
13 JUN 2014 PM 1 T

Re: 2:14-cr-00027-NDF-1

To: Office of Clerk of Court
U.S. District Court
2120 Capitol Ave., 2nd floor
Cheyenne 82001
Wyoming USA
82001

All Rights Reserved
(cf. UCC 1-308)

8200133658

