FIRST NOTICE AND DEMAND TO CEASE AND DESIST
#2:14-CR-00027-NDF-2 (USDC/DWY)
("SEALED" [sic])

TO: Ms. Nancy D. Freudenthal
c/o U.S. District Court ("USDC")
2120 Capitol Ave., 2nd Floor
Cheyenne 82001
Wyoming, USA

DATE: June 6, 2014 A.D.

RE: malicious prosecution, fraudulent concealment etc.

Formal DEMAND is hereby made of you to immediately recuse yourself from the instant case, retroactive to the hearing on 3/21/2014, and to cease and desist from any further attempts to preside upon such case at any time in the future, for reasons including but not limited to the following:

(1) the USDC for the District of Wyoming lacks jurisdiction in personam, due chiefly to multiple violations of 28 U.S.C. 1691 by Clerk's Office personnel; absent the requisite credentials, Stephan Harris cannot perform any duties conferred upon that Office: see "Clerks or Jerks? The Pivotal Duties of Federal Court Clerks," by the Undersigned, which is incorporated by reference, as if set forth fully here;

(2) you have violated 28 U.S.C. 1654 by knowingly and fraudulently maintaining false and

Margin Notes:
- 18 USC 1519
- "DWY"
- 28 USC 1691
- fraudulent concealment
- author
- 28 USC 1654

— 1 of 6 —

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2014 JUN 16 PM 2 44
STEPHAN HARRIS, CLERK
CHEYENNE

| Margin Notes: | |
|---|---|
| 18 USC 1001 | misleading docket entries showing the Undersigned as "<u>legally represented by Mark C. Hardee</u>" [sic], when the 2-hour hearing on 3/21/2014 should have made it entirely obvious to you that the Undersigned has always proceeded <u>In Propria Persona</u> — by opting to appear "<u>personally</u>" under arraignment |
| 28 USC 1654 | <u>28 U.S.C. 1654</u> and NOT "<u>by counsel</u>" [sic]; cf. |
| cf. "plain error" | (3) you have stubbornly repeated <u>plain errors</u> by fostering the fallacious notion that a litigant who opts to appear <u>personally</u> has effectively "<u>waived</u>" counsel, and is therefore not entitled to <u>adequate technical assistance of counsel</u>; that fallacy is flatly contradicted by standing case |
| 28 USCS 1654 | law under 28 U.S.C.S. 1654 (cf. also cases |
| 28 USCA 1654 | re: "<u>Pro Se</u>" litigants), and under the Sixth |
| 6th Amend. | Amendment, in which the correct meaning of "<u>assistance of Counsel</u>" has been well established for more than a century (cf. |
| S. Ct. | "<u>stare decisis</u>" as explained in <u>U.S. v. Mason</u>); (4) you have also manifested evidence that you have failed to read statutes such as |
| 28 USC 1654 | <u>28 U.S.C. 1654</u> <u>before hearings</u>; your gross negligence in this manner was painfully obvious on 3/21/2014, when you paused for <u>some</u> |
| 18 USC 1504 | <u>time</u> to access and read <u>18 U.S.C. 1504</u>, giving |
| — 2 of 6 — | all present reason to conclude that you had <u>not</u> |

| Margin Notes: | |
|---|---|
| 18 USC 1504 | reviewed that statute prior to that hearing: the last paragraph is one element *essential* to this litigant's defense against all of |
| malicious prosecution | the false charges enumerated in the charging document aka "indictment"; cf. 18 USCS 1504 (LexisNexis); (5) you have allowed the Court to proceed out of order by neglecting to adjudicate |
| malicious prosecution | the two (2) MOTIONS TO DISMISS filed by this litigant to date, and by failing to ensure that any pleading(s) in opposition to said MOTIONS were duly served on this litigant; |
| Mark C. Hardee | even if Mr. "Hardee" did receive electronic copies of all such opposition pleadings, he failed to forward copies of same to this litigant: those failures constitute positive proof of ineffective assistance of Counsel, which has resulted in OUSTING the Court |
| Johnson v. Zerbst, S. Ct. | of jurisdiction; see Johnson v. Zerbst here; (6) the Court was provided with an itemized |
| 28 USC 1746(1) | AFFIDAVIT of 28 MOVES this litigant has endured, in violation of the Eighth Amendment; but, on 6/3/2014 you acted as if those 28 MOVES were "news" to you; your ignorance of those 28 MOVES calls for the conclusion that you are NOT reading this litigant's pleadings, necessarily causing multiple violations of the Petition clause are also |
| FRCrP Rule 2 – 3 of 6 – | FRCrP Rule 2 re: fairness, and justice (fair and just); |

| | |
|---|---|
| Margin Notes: | (7) your _ignorance_ and _negligence_ regarding credentials has rendered you _civilly liable_ |
| 42 USC 1985-86 | to this litigant under 42 U.S.C. 1985-86, if not |
| 18 USC 2, 3, 912, 1513, 1519, 1962 | also _criminally liable_ under 18 U.S.C. 2, 3, 912, 1513, 1519, and 1962, for starters; _mandatory OATHs OF OFFICE_ did necessarily impose a clear legal duty upon you to confirm that all Clerk's Office personnel at the USDC/DWY |
| fraudulent concealment | were at all times in _full compliance_ with all laws previously cited in this litigant's several pleadings, _as a matter of fact_; that duty of yours began when you were first admitted to the Wyoming State Bar, |
| cf. Fraud, Black's Law Dictionary Art. II, cl. 3 | and has continued _without interruption_ right up to the present: There is no statute of limitations for fraud; see Art. II, cl. 3 (OATHs); (8) the Chief Judge of a Federal Court has |
| fraudulent concealment | _supervisory responsibility for all subordinates_, such as Clerk's Office personnel, particularly when key authorities must be delegated to those subordinates by the same Federal Court on which the Chief Judge presides, or claims to preside: here cf. "_respondeat superior_" aka vicarious liability _in pari_ |
| 18 USC 1964 | _materia_ with 18 U.S.C. 1964 (Civil RICO); (9) absent all requisite credentials, Mr. Harris |
| - 4 of 6 - | cannot be delegated any authorities by the Court, |

– 5 of 6 –

| Margin Notes: | |
|---|---|
| | nor can Mr. Harris delegate any authority(s) to any subordinate Deputies; likewise, Mr. Harris cannot select or summon jurors: |
| 28 USC 1861 et seq. | the Federal Jury Selection and Service Act defines who may select and summon Federal juries, be they grand or petit (trial) juries, be they civil or criminal juries; as such, vicarious liability touches both Mr. Freudenthal and |
| 28 USC 951; 5 USC 2906 ("The 'COURT'") | Mr. Harris insofar as 28 U.S.C. 951 and 5 U.S.C. 2906 are flagrantly and routinely being violated in the instant case, and other cases; (10) the issue of your liabilities to me is |
| Stump v. Sparkman | directly addressed in Stump v. Sparkman and in the International Covenant on Civil |
| ICCPR | and Political Rights ("ICCPR"): in the former, the U.S. Supreme Court has already held that a Federal Judge is liable to all Proper Parties when the Court clearly lacks jurisdiction; in the latter United States |
| cf. Supremacy Clause | Treaty, judicial officers are made liable for violating the fundamental Rights of Parties, notwithstanding that such |
| fraudulent concealment 18 USC 1519 | violations were committed by Court personnel acting in their "official" capacities; also, the "not self-executing" clause in Congress' |
| "RUD" | Reservations, Understandings and Declarations |
| – 5 of 6 – | ("RUD") clearly violates the Petition clause, First Amendment; – 5 of 6 – read: no private right of action. |

| Margin Notes: | |
|---|---|
| First, Fourth, Fifth, Sixth, Seventh, Eighth, Tenth Amends; Art. VI, cl. 2, 3 | (11) the official record in the instant case now documents numerous violations of this litigant's Fundamental Rights, as guaranteed by the ICCPR supra and by the First, Fourth, Fifth, Sixth, Seventh, Eighth and Tenth Amendments, and Article VI, clause 2 (Supremacy Clause) and clause 3 (Oath of Office) in the U.S. Constitution. |

— INCORPORATION —

The Undersigned now incorporates his prior DEMAND FOR RECUSAL as already filed and served in the instant case, as if the same were set forth fully here.

Respectfully submitted June 6, 2014 A.D.
Paul Andrew Mitchell (chosen name*)
Paul Andrew Mitchell, B.A., M.S.

| | |
|---|---|
| 28 USC 1654 | Relator In Propria Persona, 28 U.S.C. 1654; |
| 18 USC 1964 | Private Attorney General, 18 U.S.C. 1964, Rotella v. Wood, 528 U.S. 549 (2000) (objectives of Civil RICO) |
| UCC 1-308 | All Rights Reserved (cf. UCC 1-308) |

\* See Doe v. Dunning, Washington State Supreme Court (re: fundamental law, common-law right, to change one's name)

INMATE NAME: MODELESKI M.P. (given name) #45396
SCOTTS BLUFF COUNTY DETENTION CENTER
PO Box 130
GERING, NE 69341-0130

*SBCDC Disclaims Any Responsibility For*
*The Nature of the Content of this Correspondence*

Re:
#2:14-CR-00027-NDF-2

All Rights Reserved
(cf. UCC 1-308)

TO: Office of Clerk of Court
U.S. District Court
2120 Capitol Ave., 2nd Floor
Cheyenne
Wyoming, 1st 82001