NOTICE OF WITHDRAWAL OF BONA FIDE
OFFER IN COMPROMISE DATED 2/6/2014
#2:14-CR-00027-NDF-2 (USDC/DWY)

TO: Office of Presiding Judge (duly credentialed)
District Court of the United States ("DCUS")
2120 Capitol Ave., 2nd Floor
Cheyenne 82001-3658
Wyoming, USA

DATE: 6/17/2014 A.D.

To All Whom it May Concern:

The Undersigned hereby formally withdraws the "Bona Fide Offer in Compromise" dated Feb. 6, 2014, for good causes including but not limited to the following:

(1) the "MOTION FOR PSYCHIATRIC OR PSYCHOLOGICAL EXAMINATION" by Messrs. CROFTS and MURRAY, dated March 21, 2014, was not timely served upon the Undersigned; no NOTICE of any hearing on said MOTION was ever served upon the Undersigned; and, no hearing on said MOTION was ever conducted on said MOTION with the Undersigned being present;

(2) Messrs. CROFTS and MURRAY have failed to produce all credentials required by 28 U.S.C. 544 and 5 U.S.C. 3331, 3332, 3333, 5507 and 2906; and, as such, neither enjoys lawful authority legally to represent "UNITED STATES OF AMERICA" [sic] whatever THAT is; see also 28 U.S.C. 530B (McDade Act); Delaware Secretary of State ("SOS").

Margin Notes:
- 2/6/2014
- 3/21/2014
- 28 USC 544; 5 USC 3331, 3332, 3333, 5507, 2906
- 28 USC 530B

— 1 of 4 —

(3) lacking said required credentials and power of attorney, both CROFTS and MURRAY were barred from stepping one foot into a Federal Grand Jury room, with or without the presence of any qualified jurors: here, see U.S. v. Pignatiello (re: 28 U.S.C. 544 OATH); [28 USC 1965; 28 USC 544]

(4) both CROFTS and MURRAY either knew, or should have known, the Federal statutes expressly imposed also on Clerk's Office personnel, such as 28 U.S.C. 951, and 5 U.S.C. 2104, 2903, 2906, 3331, 3332, 3333, and 5507: ignorance of those laws is no excuse for violating, or aiding and abetting violations of, those laws; see 18 U.S.C. 2, 912; [28 USC 951; 5 USC 2104, 2903, 2906, 3331, 3332, 3333, 5507; 18 USC 912, 2]

(5) the Undersigned is authorized by Act of Congress at 18 U.S.C. 1964 and decisions of the U.S. Supreme Court, like Rotella v. Wood and Agency Holding v. Malley-Duff, to act on behalf of the United States as a "Private Attorney General": see in particular, the "objectives of Civil RICO" as clearly stated in Rotella supra; evidently, CROFTS and MURRAY have stubbornly failed to read and understand the controlling paragraphs in Rotella; this failure is truly pathetic; [18 USC 1964]

(6) Agency Holding supra is even more poignant, where it explains the legislative intent of 18 U.S.C. 1964 as supplementing, by law, [18 USC 1964]

the shortage of public prosecutorial resources
i.e. qualified and experienced in the investi-
gation, prosecution and suppression of
organized criminal rackets expressly
18 USC 1961 | prohibited by 18 U.S.C. 1961 et seq.;
(7) how very revealing that CROFTS and MURRAY
both manifest that "shortage of public prosecu-
torial resources," mentioned above, as one of THE
18 USC 1964 | main reasons why Congress enacted 18 U.S.C. 1964
in the first place; what hypocrisy!;
(8) the U.S. Marshals in San Diego, Spokane,
and Seattle did have multiple contacts with
2003 A.D. | the Undersigned, dating at least from 2003;
(9) at the fourth meeting with Deputy U.S.
Marshals in Seattle, the need for a specific
factual update concerning the OMB control
opm.gov | number, missing from OPM's electronic SF-61,
was discussed openly and mutually recog-
nized by the Undersigned and 2 Deputy U.S.
Marshals; the latter wondered out loud
whether their own SF-61 credentials were
valid or not; the Undersigned did not raise that point;
(10) the pro bono assistance which the Under-
USCG | signed performed for the U.S. Coast Guard
O.O.D. | is adequately summarized in his "Executive
Summary" to U.S. Coast Guard Investi-
— 3 of 4 — | gations at San Diego Harbor, and in
thousands of email messages between 2002 and 2009;

(11) as fully explained in Rotella supra, private attorneys general are authorized by 18 U.S.C. 1964 to investigate and prosecute organized criminal rackets e.g. even if RICO "predicate acts" are being repeated by persons claiming to be IRS "special agents", and/or claiming to be "officers" of the Clerk of Court at USDCs, Cheyenne, Wyoming, and Seattle, Wash.;

(12) the Undersigned understands the difference between a civil action and a criminal action: the latter would require leave of a Federal Court before the Undersigned could lawfully commence formal criminal proceedings; and,

(13) 18 U.S.C. 4 creates a legal duty in the Undersigned to report evidence of Federal felonies to an officer in the civil, or military, authority of the United States: the RICO "predicate acts" itemized at 18 U.S.C. 1961 are felonies.

Conclusion: CROFTS and MURRY are pathetically ignorant of civil RICO; and, moreover, both are implicated in the commission of multiple RICO acts themselves, and in aiding and abetting multiple RICO acts by others already named in the official record of the instant case.

Respectfully submitted,

Paul Andrew Mitchell, B.A., M.S., Relator Proper

Private Attorney General, 18 U.S.C. 1964, Rotella supra

All Rights Reserved (cf. UCC 1-308)

Margin annotations:
- 18 USC 1964
- 18 USC 1961
- 18 USC 4 (misprision)
- 18 USC 1961
- 18 USC 1961
- 28 USC 1654
- 18 USC 1964
- UCC 1-308

INMATE NAME: Modeleski, M.P. (given name)  #45396
SCOTTS BLUFF COUNTY DETENTION CENTER
PO BOX 130
GERING, NE 69341-0130

BCDC Disclaims Any Responsibility For
The Nature of the Content of this Correspondence

Re: #2:14-cr-00027-NDF-2
All Rights Reserved
(cf. UCC 1-308)

LEGAL MAIL

TO: Office of Clerk of Court
District Court of the United States
2120 Capitol Ave., 2nd Floor
Cheyenne 82001-3658
Wyoming, USA
82001

8200135204