NOTICE OF STIPULATION AND OF TRESPASS
#2:14-CR-00027-NDF-2 (USDC/DWY)

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
'14 JUN 30 PM 2 28
STEPHAN HARRIS, CLERK
CHEYENNE

TO: Office of Chief Judge (duly credentialed)
U.S. District Court
2120 Capitol Avenue, 2nd
Cheyenne 82001-3658
Wyoming, USA

DATE: June 26, 2014 A.D.

Comes now the United States ex rel. Paul A. Mitchell,
Citizen of Washington State, expressly NOT a
citizen of the United States aka "federal citizen",
and Private Attorney General pursuant to
18 U.S.C. 1964 and Rotella v. Wood, 528 U.S. 549
(2000) re: objectives of Civil RICO, to stipulate
certain matters to which the Offices of the U.S.
Attorney in Seattle, Washington, and Cheyenne,
Wyoming, have fallen totally silent thereby
activating estoppel; and, to complain formally
of apparent trespass upon the instant cases by
certain persons whose missing and/or defective
credentials have rendered them unqualified,
unauthorized, and without powers of attorney
legally to represent either the "UNITED STATES OF
AMERICA", the "United States of America" as such,
nor the "United States", the latter of which
is and has been legally represented by Relator.

-1 of 4-

— 1 of 4 —

— STIPULATION —

The United States now stipulates as follows:

(a) the 1866 Civil Rights Act was unconstitutional at initio for all of the several reasons carefully elucidated in Relator's essay entitled "Citizenship for Dummies" and in all further reading linked at the end of that essay;

(b) chiefly, Congress could not remove the obstacles identified in the Dred Scott decision solely by means of Federal legislation enacted by Congress;

(c) being an attempt at such legislation by Congress, the 1866 Civil Rights Act violated a main holding in Dred Scott, namely, that a proper Constitutional Amendment was required to remedy Scott's lack of standing to petition for Habeas Corpus relief;

(d) the so-called "Fourteenth amendment" was never properly or lawfully ratified, as proven by verifiable historical facts recited by the Utah Supreme Court in Dyett v. Turner and State v. Phillips (27 is NOT 28!);

27 < 28

(e) even if it had been lawfully ratified, the so-called Fourteenth amendment was merely an attempt to elevate the essence of the 1866 Civil Rights Act to the status of supreme law i.e. as being "declaratory of existing law";

(f) the existence of two (2) classes of citizenship can be readily inferred from Section 1 of that

failed amendment i.e. citizens of the United States and of the State in which they reside; (g) the qualifier "subject to the jurisdiction thereof" is also vague for failing to clarify which meaning of "United States" was intended in the phrase "jurisdiction thereof": see Hooven and Allison v. Evatt which defined "United States" at least three (3) different ways; (h) further proof of two (2) classes of citizenships can be confirmed in a second due process clause and a second privileges and immunities clause: if that failed amendment had always intended only one (1) class, the organic Due Process Clause and the organic Privileges and Immunities Clause were already available to State Citizens upon ratification of the Bill of Rights; and, (i) it necessarily follows that there are now two (2) classes of citizenship properly identified as (1) State Citizens and (2) federal citizens: the latter were not even contemplated when the organic Constitution was first being drafted, see Pannill v. Roanoke, while the former were always recognized in the organic Qualifications Clauses, Arising Under Clause, and Privileges and Immunities Clause; here, see 1:2:2, 1:3:3, 2:1:5, 3:2:1, and 4:2:1 in the U.S. Constitution as lawfully amended.

— 4 of 4 —

The United States formally intervened in the instant cases with its FORMAL NOTICE OF CHALLENGE TO THE CONSTITUTIONALITY OF TWO ACTS OF CONGRESS, dated 2/20/2014 A.D., and now incorporates same by reference as if set forth fully here. Accordingly, the conclusion is and should be obvious, and the United States hereby formally stipulates, that the Federal Jury Selection and Service Act at Sec. 1865(b)(1) is unconstitutional for expressly discriminating against State Citizens aka Citizens of ONE of the States united. This discrimination is all the more egregious because State Citizens are the only class of Americans who are qualified to serve in the U.S. House of Representatives, U.S. Senate, and White House.

28 USC
1865(b)(1)

Quod erat demonstrandum!

— TRESPASS —

The United States now formally complains of trespass upon the instant cases by Messrs. Christopher A. Crofts, 2. Robert Murray and Ms. Sarah Y. Vogel, in violation of 18 U.S.C. 241, 242.

Respectfully submitted on June 26, 2014 A.D.,

Paul Andrew Mitchell, B.A., M.S. (chosen name)
Relator In Propria Persona, 28 U.S.C. 1654;
Private Attorney General, 18 U.S.C. 1964,
      Rotella v. Wood, 528 U.S. 549 (2000)

— 4 of 4 — All Rights Reserved (cf. UCC 1-308)

INMATE NAME: Modeleski, M.P. (given name)

SCOTTS BLUFF COUNTY DETENTION CENTER #45396

PO Box 130

GERING, NE 69341-0130

SBCDC Disclaims Any Responsibility For
the Nature of the Content of this Correspondence

Re:
#2:14-CR-00027-NDF-2

All Rights Reserved
(cf. UCC 1-308)

NORTH PLATTE NE 691

27 JUN 2014 PM 1 T

LEGAL MAIL

TO: Office of Chief Judge
U.S. District Court
2120 Capitol Ave., 2nd Floor
Cheyenne 82001-3658
Wyoming USA
82001

Liberty FOREVER