NOTICE OF MOTION AND
MOTION FOR STAY OF PROCEEDINGS PENDING
DISCOVERY OF DOCUMENTS REQUESTED
UNDER FREEDOM OF INFORMATION ACT: 5 U.S.C. 552
In re: #2:14-CR-00027-NDF-2 (USDC/DWY)

Margin Notes:

TO: Office of the Presiding Judge (duly credentialed)
District Court of the United States ("DCUS")
2120 Capitol Avenue, 2nd Floor
Cheyenne 82001-3658
Wyoming, USA

DATE: June 30, 2014 A.D.

2014 JUL 8 AM 10 29
STEPHAN HARRIS, CLERK
CHEYENNE
FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

Greetings your Honor:

28 USC 1345 — Comes now the United States, 28 U.S.C. 1345, ex rel. Paul Andrew Mitchell, B.A., M.S., Citizen of Washington State (expressly NOT a federal citizen), Relator In Propria Persona,
28 USC 1654 — 28 U.S.C. 1654, and Private Attorney General,
18 USC 1964 — 18 U.S.C. 1964(a), to petition this honorable DCUS for an ORDER staying any further proceedings in the case identified by the Docket number supra, pending discovery of all documents requested heretofore by Relator in proper Requests made under the Freedom of Information Act ("FOIA") at
5 USC 552 — 5 U.S.C. 552. For original jurisdiction,
-1 of 7- see 5 U.S.C. 552(a)(4)(B) strictly construed.

-1 of 7-

– 2 of 7 –

The United States hereby questions the propriety, and constitutionality, of the blanket FOIA exemption for the entire Federal Judiciary at 5 U.S.C. 551, as being too broad and conflicting directly with the Oath of Office clause at Article VI, clause 3, in the Constitution for the United States of America, as lawfully amended.

A key holding in the historic decision by the U.S. Supreme Court in *Miranda v. Arizona* is directly on point in this context, to wit:

"Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them."

Said FOIA exemption is a *clear* instance of *legislation* which results in *impeding* routine discovery of required credentials, of which the Office of Clerk of Court is the legal custodian, designated as such by 5 U.S.C. 2906 and 28 U.S.C. 951.

The former Sec. 2906 refers expressly to "the *court* to which the Office pertains"; the latter Sec. 951 refers expressly to the *duties* of Clerk's Office personnel.

The United States infers therefrom that Clerk's Office personnel *must* maintain legal custody of *their* own OPM SF-61 credentials.

margin notes: 5 USC 551; 6:3; 5 USC 2906; 28 USC 951; – 2 of 7 –

– 2 of 7 –

To date, Relator has also confirmed a relevant statement at 63C Am Jur 2d, under the heading "Public Officers and employees," which recognizes the public's Right to DEMAND the performance of all such "duties", to wit:

"The public has a right to demand that public officials perform all of their duties faithfully." [emphases added]

At various times in the past, the blanket exemption at 5 U.S.C. 551 has been the primary reason why Relator resorted to a NOTICE AND DEMAND ("NAD") for the SF-61 credentials of Court personnel, including but not limited to Ms. Nancy D. Freudenthal, Kelly H. Rankin, Stephan Harris, Zachary Fisher and Tammy Hilliker.

The applicable Law, under all circumstances discussed above, is that unconstitutionality dates from the moment of enactment, NOT from any decision so branding the Act of Congress in question.

Accordingly, the United States now concedes, and stipulates formally, that 5 U.S.C. 551 is, and always was, unconstitutional insofar as it prevents this Court from enforcing both DEMANDs, and

[margin: 5 USC 551]
[margin: "NAD"]
[margin: 5 USC 551]

otherwise proper FOIA requests, for the U.S. Office of Personnel Management - Standard Form 61 APPOINTMENT AFFIDAVITS required of all judicial officers employed by the Federal District Courts in Seattle, Washington State, and Cheyenne, Wyoming.

Moreover, relevant case law under the FOIA has consistently held that a proper FOIA request is <u>not</u> required to demonstrate either <u>relevance</u> or <u>materiality</u>: if the document <u>exists</u>, the requester has a <u>right</u> to a true and correct copy, provided the document is not covered by one or more of the <u>reasonable exemptions</u> e.g. privacy.

As already discussed above, the blanket exemption for the credentials of Federal court officers is <u>NOT reasonable</u> because it directly abrogates all Fundamental Rights embodied in the Oath of Office clause at Article VI, clause 3 <i>supra</i>.

Nevertheless, valid SF-61 credentials are <u>both</u> relevant <u>and</u> material e.g. 5 U.S.C. 5507 bars personnel from being paid any compensation without having executed the AFFIDAVIT required by 5 U.S.C. 3332. Similarly, 44 U.S.C. 3512 authorizes a "complete defense, bar or otherwise" if a SF-61 form lacks a valid OMB control number.

5 USC 5507

5 USC 3332;
44 USC 3512

cases

The record in the instant, already demonstrates unnecessary and unjustified delays in production of other discovery e.g. here see Docket #45 and #46 (both dated 03/13/2014). After more than 3 FULL MONTHS have elapsed since the latter date, Relator has STILL received NONE of the documents covered by the latter two (2) Discovery "orders".

Of course, insofar as Mr. Rankin's SF-61 has not been produced, or fails to display a currently valid OMB control number and proper paragraph citing 5 U.S.C. 2903, THEN both discovery "orders" were unlawful ab initio; and the "arraignment" must be vacated chiefly because Mr. Rankin lacked authority to preside in the first instance. Relator's NAD to Rankin was never answered, thereby activating estoppel pursuant to Carmine v. Bowen, and resulting in a fraud upon Relator and upon the Courts, pursuant to U.S. v. Tweel.

[margin: 5 USC 2903]

[margin: 5 USC 2104, 2903, 2906, 3331, 3332, 3333, 5507]

Furthermore, the statutes at 5 U.S.C. 2104, 2903, 2906, 3331, 3332, 3333 and 5507 combine to render Mr. Rankin a material witness to the existence, or absence, of his own valid SF-61 credential, chiefly Sec. 2906.

## REMEDIES REQUESTED

All premises having been duly considered, this honorable Court is respectfully moved to issue the following <u>immediate</u> relief:

(1) STAY of proceedings pending discovery of all documents previously requested in all FOIA requests and DEMANDS originated by Paul Andrew Mitchell;

(2) VACATING the "Detention Hearing/Arraignment" at Docket #42, and the "ORDER OF DETENTION" at Docket #48, in the interests of justice;

(3) RELEASING Paul Andrew Mitchell to the protective custody of Harris & Harris, P.C.;

(4) PAYMENT of a preliminary stipend of USD $25,000.00 to a special client trust account, maintained by Harris & Harris, P.C., for the purpose of initiating rehabilitation of Paul Andrew Mitchell's basic needs for food, shelter and clothing;

(5) ORDER to the Office of the U.S. Attorney, District of Wyoming, to show cause why the instant "criminal case" should not be dismissed <u>with prejudice</u> as to Paul Andrew Mitchell; and,

(6) ORDER to the Office of the U.S. Attorney, District of Wyoming, to show cause why this Court should not proceed to adjudicate <u>all</u> other civil remedies previously requested by Paul Andrew Mitchell e.g. Civil RICO, 42 USC 1986, etc.

Respectfully submitted June 30, 2014 A.D.,

Signed: Paul Andrew Mitchell (chosen name *)
Printed: Paul Andrew Mitchell, B.A., M.S.
Citizen of Washington State, Pannill v. Roanoke;
Relator In Propria Persona, 28 U.S.C. 1654;
Private Attorney General, 18 U.S.C. 1964,
Rotella v. Wood, 528 U.S. 549 (2000)
(objectives of Civil RICO)
All Rights Reserved (cf. UCC 1-308)


* See Doe v. Dunning, 87 Wn. 2d 50, 549 P.2d 1 (1976) (re: the fundamental law, and basic common law principle, concerning Relator's right to change his name)

INMATE NAME: Model___ ___
SCOTTS BLUFF COUNTY DETENTION CENTER #45396
PO BOX 130
GERING, NE 69341-0130

SBCDC Disclaims Any Responsibility For
The Nature of the Content of this Correspondence



LEGAL MAIL

In re:
#2:14-CR-00027-NDF-2

TO: Office of the Presiding Judge
District Court of the United States
2120 Capitol Avenue, 2nd Floor
Cheyenne 82001-3658
Wyoming, USA
            82001

All Rights Reserved
(cf. UCC 1-308)