MEMORANDUM OF LAW IN PARTIAL SUPPORT
OF CIVIL CROSS-COMPLAINTS: 42 U.S.C. 1985-1986
#2:14-CR-00027-NDF-2 (USDC/DWY)

Margin Notes:

TO: Office of Presiding Judge (duly credentialed)
U.S. District Court
2120 Capitol Avenue, 2nd Floor
Cheyenne 82001-3658
Wyoming, USA

DATE: June 28, 2014 A.D.

FILED U.S. DISTRICT COURT DISTRICT OF WYOMING 2014 JUL 9 AM 11 29 STEPHAN HARRIS, CLERK CHEYENNE

Comes now the United States ex rel. Paul Andrew Mitchell, B.A., M.S., Citizen of Washington State and Private Attorney General under

18 USC 1964 — 18 U.S.C. 1964, to brief this honorable Court with key highlights from the binding decision of the U.S. Court of Appeals for the Tenth Circuit in Martinez v. Winner et al., 771 F.2d 424 (1985), as follows (underlined emphasis added):

(1) "A judge is not only entitled but also has a duty to take all lawful measures reasonably necessary to prevent the occurrence of a crime in his courtroom."

(2) "... Judge Winner had a duty to notify the proper authorities if he felt a crime was being committed in his courtroom."

(3) "The complaint also seeks an injunction and a declaratory judgment against judge .... judges' absolute immunity does not bar these kinds of relief."

(4) "Prosecutors may still be liable for declaratory and injunctive relief."

(5) "... the prosecutor defendants are not immune from declaratory relief, which might serve the important purpose of vindicating plaintiff's constitutional rights."

(6) "... immunity does not extend to injunctive or declaratory relief...."

(7) "... the complaint ... sufficiently alleges that Martinez was falsely arrested, prosecuted on unfounded charges, and denied a fair trial because of his race and national origin."

First Amend.

(8) "... the complaint sufficiently alleges that plaintiff was harassed and oppressed in order to intimidate him from exercising his First Amendment rights of freedom of speech and expression...."

(9) "... this harassment was based on at least two factors: racial antipathy and opposition to plaintiff's <u>political and social opinions</u>."

(10) "Even without the allegation of racial bias, the complaint would sufficiently state a claim for violations of the <u>First</u> and <u>Fifth</u> Amendments...."

(11) "... it is the duty of the authorities to maintain surveillance of those suspected of crime."

(12) "Every citizen has a right to be free from investigation and prosecution because of his religious or <u>political beliefs</u> or race."

(13) "... any person who has knowledge of a  
42 USC 1985  Sec. 1985 conspiracy and has the power to prevent or aid in preventing the commission of the conspiracy, and does not, may be liable to the party injured. ... his Sec.  
42 USC 1986  1986 action also becomes viable, and it should not have been dismissed."

42 USC 1981, 1983, 1985, 1986; First Amend., Fifth Amend.

(14) "The complaint states legally sufficient causes of action under Secs. 1981, 1983, 1985(3), and 1986, and under the <u>First Amendment</u> and the <u>Due Process Clause</u> of the <u>Fifth Amendment</u>."

(15) "...police surveillance and other investigative techniques lawful in and of themselves become unlawful... if employed with specific intent to <u>suppress certain unpopular political opinions</u>."

(16) "Individual police officers... would be entitled to qualified immunity unless they violated <u>clearly established constitutional rights</u> of which reasonable officers knew or should have known at the time of the alleged acts."

(17) "Plaintiff may pursue his claim for <u>declaratory and injunctive relief</u> against the <u>successor of the defendant</u>... as United States Attorney."

[continue next page]

## INCORPORATION OF DOCKET

The entire Court Docket in the instant case to date is hereby incorporated by reference, as if set forth fully here.

## INCORPORATION OF FURTHER ALLEGATIONS

"The Case for Sanctions against L. Robert Murray, Mark C. Hardee et al." is also attached and hereby incorporated by reference, as if also set forth fully here.

Respectfully submitted,

Signed: Paul Andrew Mitchell (chosen name*)
Printed: Paul Andrew Mitchell, B.A., M.S.
Citizen of Washington State, Parnell v. Roanoke;
18 USC 1964 | Private Attorney General, 18 U.S.C. 1964,
528 US 549 (2000) | Rotella v. Wood, 528 U.S. 549 (2000) (objectives of Civil RICO)
UCC 1-308 | All Rights Reserved (cf. UCC 1-308)

* See Doe v. Dunning, 87 Wn.2d 50, 549 P.2d 1 (1976) (re: the fundamental law and basic common-law principle)

"The Case for Sanctions against
Z. Robert Murray, Mark C. Hardee et al."

There are already numerous reasons to impose formal sanctions on Murray, Hardee et al.; in no particular order, there is now evidence of:

(1) gross negligence by failing to enforce proper credentials for Clerk's Office personnel;

(2) jury tampering by entering grand jury rooms without all proper credentials e.g. 28 U.S.C. 544;

(3) conspiring to deprive Paul Mitchell of "meaningful technical assistance" of Counsel;

(4) conspiring, and being accessories to violate 7 of the first 10 Amendments, and two (2) Human Rights Treaties; see 18 U.S.C. 241, 242; [18 USC 241, 242]

(5) conspiring with U.S. Marshals to defame Paul Mitchell with false and misleading descriptions e.g. in booking records and in his "U.S. Marshal file" e.g. "EXTREMIST" [sic];

(6) falsely representing fraudulent "subpoenas" as valid and lawful grand jury "process";

(7) commencing <u>malicious prosecution</u>, and causing <u>false arrest</u> and <u>false imprisonment</u>;

18 USC 2,3,
1513, 1519

(8) <u>being principals and accessories to vicious witness retaliation and concealing Court records</u>, in violation of 18 U.S.C. 2, 3, 1513, 1519;

(9) <u>depriving Paul Mitchell of notice and hearing</u> by failing to serve him with the "MOTION" for "psych evaluation", nor with Notice of any hearing(s) on said "MOTION";

(10) <u>depriving Paul Mitchell of any hearing(s)</u> on said "MOTION" for "psych evaluation";

"6:3"

(11) conspiring, and being <u>accessories to violate Article VI, Clause 3, in the U.S. Constitution</u> (Oath of Office clause);

28 USC 530B,
4 USC 101

(12) <u>violations of their own Oaths of Office</u> (if any), as required by applicable Federal and Wyoming State laws e.g. McDade Act, 4 U.S.C. 101;

28 USC 1345

(13) <u>willful misrepresentation</u> of the "UNITED STATES OF AMERICA" as a Proper Plaintiff, when it clearly <u>lacks legal standing</u>; 28 U.S.C. 1345; "United States of America" also <u>lack standing as such</u>;

(14) conspiring to <u>suppress favorable</u> (exculpatory) evidence during GJ hearings; see <u>Brady v. Maryland</u>;

(15) conspiring to <u>misrepresent the legislative intents</u> of the Paperwork Reduction Act and the Civil RICO law at 18 U.S.C. 1964;  
   44 USC 3501;  
   18 USC 1964

(16) conspiring to <u>defame</u> Paul Mitchell as being "<u>delusional</u>", with intent willfully to <u>obstruct a lawful credential investigation</u>, and to <u>misrepresent pro bono</u> assistance to U.S. Coast Guard investigations and other Federal government personnel and agencies;

(17) conspiring to inflict <u>cruel</u> and summary punishment on Paul Mitchell with solitary confinement, and "diesel therapy" via <u>42 MOVES</u>;

(18) <u>obstructing correspondence</u>, lawfully addressed to a <u>Federal Grand Jury "Foreperson"</u> pursuant to 18 U.S.C. 1504 (last paragraph); see 18 U.S.C. 1702 (a felony Federal offense);  
   18 USC 1504;  
   18 USC 1702

(19) <u>conspiring to perpetrate tortious interference</u> with the lawful livelihood of Paul Mitchell, and his ongoing patent research required to support his utility patent pending at the U.S. Patent and Trademark Office;

(20) conspiring to cause indefinite delays and further tortious interference with Paul Mitchell's access to graduate-level Ph.D. education in Computer Science and Law;

(21) causing further indefinite delays and tortious interference with Paul Mitchell's claims against the University of Washington at Seattle for defamation, discrimination, witness retaliation, and obstructing his access to Summer Sessions in 2009 and 2012;

(22) conspiring to perpetrate a state of war or mixed war against Paul Mitchell, in connection with the repeated use of a "nom de guerre" (war name) on all Court "process";

(23) conspiring to perpetrate tortious interference with further development and maintenance of Paul Mitchell's Internet website and Internet discussion list; and,

(24) conspiring to force total loss of Paul Mitchell's Seattle apartment and all of its normal household contents, and personal computer and telecommunications equipment/network.

INMATE NAME: Modudubi M B(?)
SCOTTS BLUFF COUNTY DETENTION CENTER
PO BOX 130
GERING, NE 69341-0130

#45396

SBCDC Disclaims Any Responsibility For
The Nature of the Content of this Correspondence



LEGAL MAIL

Re:
#2:14-CR-00027-NDF-2

TO: Office of Presiding Judge
U.S. District Court
2120 Capitol Ave., 2nd Floor
Cheyenne 82001-3658
Wyoming, USA

82001

All Rights Reserved
(cf. UCC 1-308)