IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

**FILED**



**1:35 pm, 7/15/14**
**Stephan Harris**
**Clerk of Court**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>MITCHELL PAUL MODELESKI, aka<br>Paul Andrew Mitchell,<br><br>               Defendant. | Case No:  14-CR-027-F |

## ORDER ON COMPETENCY HEARING

This matter is before the Court pursuant to 18 U.S.C. § 4247(d) to determine Defendant Mitchell Paul Modeleski a/k/a Paul Andrew Mitchell's (Mitchell) competency to stand trial in this matter.  On March 25, 2014, the Court entered an Order Granting Motion for Psychiatric or Psychological Examination.  (Doc. 64). Clinical forensic psychologist, Dr. Cynthia Low, examined Mitchell for purposes of completing a report pursuant to 18 U.S.C. § 4247(c).  Dr. Low completed her report on May 28, 2014.  The Court originally set a competency hearing for June 3, 2014. (Doc. 91).  At the June 3, 2014 hearing, Defendant Mitchell stated he was not ready to go forward with the competency hearing, and he would need additional time to review the report.  (Doc. 93).  Mitchell also requested new counsel.  The Court allowed the additional time and also appointed Mr. Mitchell new counsel.

The Court set a new competency hearing for July 10, 2014. (Doc. 96).  At the July 10, 2014 hearing, the Government presented evidence from Dr. Cynthia Low regarding the preparation of her report.   Defendant Mitchell's counsel then thoroughly cross-examined Dr. Low regarding the basis for her report.   Next, Defendant Mitchell took the stand and provided some personal history and also related the events that led him to the federal courthouse in Wyoming.

Dr. Low's May 28, 2014 evaluation notes some deficiencies because Dr. Low was not able to fully interview and test Mitchell because he was uncooperative. Nonetheless, the report discloses that Mitchell spoke spontaneously about many of the matters which directly address competency issues.

Therefore, based on this report, the Court finds Defendant Mitchell has an above average ability to understand the nature and consequences of the court proceedings against him.   However, the Court finds, based on the report, the information present in the file in this matter, and the Court's observation of Defendant's remarks, behavior and demeanor in the courtroom, and pursuant to 18 U.S.C. 4241(d), there is abundant evidence Defendant suffers from a mental disorder, namely Delusional Disorder, Mixed Type evidencing symptoms related to both Grandiose and Persecutory Types.  It is the Court's conclusion that this mental disorder, combined with narcissistic traits substantially impairs Defendant's ability to represent himself or to assist counsel in his defense.

To provide further explanation, it appears Mitchell's planned legal defense is based on his unwavering delusion that all government officials he deals with, from the US Attorney and his assistant US Attorneys, the judge, the clerk, the deputy clerk, judicial staff, etc., all lack the authority of their duly appointed offices because these government officials, this judge included, either will not provide to him some proper form or credential he believes we all lack, and because he further believes all forms and credentials he might ever receive are counterfeit.  Dr. Low's report indicates the investigative reports show Mitchell has been sending letters to federal judges nationwide demanding proof of credentials since 1998.  Those reports further show Mitchell has been deemed a mass mailer by the Threat Management Center.  This and other conduct, which can be fairly characterized as a national campaign to expose imposters posing as government officials based on missing credentials, this appears to be the result of the Defendant holding very extreme and rigid views about the law and the overarching significance of seals, signatures and control numbers.

While Mitchell's thought processes are linear, clear and coherent on these points, they are fraught with delusional content.  Further, he appears convinced that only his view of the law is correct and it appears unlikely he will ever consider alternate viewpoints of opinions as long as he remains in this acute episode.  As a subset of these delusions, it appears he has contrived the further delusion, which Mitchell may be considering as his main legal defense, namely that the U.S. Marshals

asked for his assistance to expose this counterfeit and/or missing credential situation and the resulting "racketeering" by hordes of imposters posing as duly authorized government officials.

The test for competency to stand trial is whether a defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding-and whether he has a rational as well as factual understanding of the proceedings against him." *United States v. Mackovich*, 209 F.3d 1227, 1232 (10th Cir. 2000)(quotations omitted).   According to Dr. Low, and based on the Court's observations, Mitchell has no insight into his delusional disorder, but rather becomes quite insulted when his mental health is called into question.  Mitchell strongly believes the people he deals with are idiots or otherwise lack his high intelligence and legal knowledge.  Mitchell's rigid view of the law, his unwillingness to consider alternate views of opinions, his grandiose sense of his own self-importance, and his resulting arrogant and haughty attitude, further undermine Mitchell's ability to either fairly and adequately represent himself in this case, or to assist counsel.

While the Court understands a defendant has the constitutional right to waive his right to counsel, that right is not absolute.  *Faretta v. California*, 422 U.S. 806 (1975).  A *Faretta* motion may be denied if the defendant is not competent to represent himself.  See *Indiana v. Edwards*, 554 U.S. 164, 177-178 (2008)("[T]he Constitution permits judges to take realistic account of the particular defendant's

mental capacities by asking whether a defendant who seeks to conduct his own defense at trial is mentally competent to do so."). The Court's finding and conclusion is Mitchell is not competent to represent himself for the same mental-illness-related limitations which support the conclusion that he is not competent to assist counsel in his defense.

CONCLUSION

The Court FINDS that Mitchell is not competent to represent himself in this matter. Further, the Court FINDS Mitchell is not competent to assist counsel in his defense in this case and therefore, he is not competent to proceed to trial at this time.

IT IS ORDERED that Defendant Mitchell is remanded to the custody of the Attorney General and Defendant Mitchell shall undertake formal competency restoration procedures at a qualified federal medical center. The Court recommends Defend Mitchell be assigned to MCFP Springfield for these restoration procedures.

Dated this _15_ day of July, 2014.

NANCY D. FREUDENTHAL
CHIEF UNITED STATES DISTRICT JUDGE