CROSS-COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF: 42 U.S.C. 1985-1986
Re: #2:14-CR-00027-NDF-2 (USDC/DWY)

TO: U.S. District Court ("USDC")
2120 Capitol Ave., 2nd Floor
Cheyenne 82001-3658
Wyoming, USA

DATE: 7/19/2014 A.D.

FILED U.S. DISTRICT COURT DISTRICT OF WYOMING 2014 JUL 23 PM 12 06 STEPHAN HARRIS, CLERK CHEYENNE

Comes now, once again, the "United States" ex rel. Paul Andrew Mitchell, Citizen of Washington State, expressly not a federal citizen, and Private Attorney General under 18 U.S.C. 1964 (Civil RICO), to petition this honorable Court for declaratory and injunctive relief from a conspiracy to deprive this Relator of equal protection of laws, being routinely violated by named Cross-Defendants Nancy D. Freudenthal, Christopher A. Crofts, J. Robert Murray, Mark C. Hardee, and Does 1 thru 100.

Primary authority for the instant Cross-Complaint is the decision of the Tenth Circuit in Martinez v. Winner, 771 F.2d 424 (1985), which skillfully explains why the Cross-Defendants, named above, can be liable for declaratory and injunctive relief in the instant case.

— PRELIMINARY FACTUAL ALLEGATIONS —

Previously, Mr. Murray attempted to file a MOTION for psychological evaluation of Relator, but said MOTION was never served on Relator while appearing In Propria Persona i.e. "personally" under 28 U.S.C. 1654, not "by counsel".

Moreover, no notice of any hearing on said MOTION was ever served on Relator; and, Relator was never allowed to attend any hearing on said MOTION.

Mr. Hardee, claiming to be "standby Counsel," also failed to serve Relator with said MOTION, nor with any notice of any hearing on said MOTION, and likewise never assisted Relator at any hearing(s) on said MOTION.

Then, Ms. Freudenthal joined the same conspiracy by attempting to sign an "order" authorizing a psychological evaluation of Relator at FDC SeaTac.

Upon arriving at SeaTac, after 28 discrete moves, Relator was totally surprised to be shown said "order" by one Cynthia Low dba Forensic Psychologist at SeaTac.

Subsequently, Ms. Freudenthal attempted to declare Relator "not competent to represent himself" and "not competent to assist counsel in his defense," in further violation

- 2 -

of Relator's fundamental Rights to proceed *In Propria Persona*, and to due process of law under the Fifth and Sixth Amendments. See Docket #127.

At a prior hearing on 3/21/2014, Relator had made it abundantly clear that he wished to proceed *In Propria Persona*, and he also *expressly* reserved the right to "change his mind" about formal legal representation i.e. "by counsel" under 28 U.S.C. 1654, instead of "personally".

Dkt. #95   By effectively forcing formal legal representation upon Relator in the manner described above, Freudenthal, Murray and Hardee conspired to infringe Rights guaranteed to Relator under 28 U.S.C. 1654 and under the Fifth and Sixth Amendments, U.S. Constitution.

Although attorneys at Harris & Harris, P.C. have done an *admirable job* under conditions described above, *in point of law* they cannot legally *represent* Relator in violation of Section 1654, without his consent.

Absent notice and hearing on Murray's original MOTION, all "orders" consequent upon that MOTION were null and void *ab initio*, because of the obvious *due process violations* which preceded them.

-3-

~4~

Similarly, at no time did Mr. Hardee ever assist Relator in preparation for, nor during, any interviews with Ms. Zow at SeaTac. And, quite blatantly, Relator was even arraigned without assistance of Counsel standing next to Relator; Mr. Hardee sat in the public gallery during that arraignment! See Docket #42. Relator demurred — to challenge jurisdiction; and, Mr. Rankin entered a "not guilty" plea, which Relator later withdrew formally: Dkt. #107.

For the "criminal" case supra, this Court is not only out-of-order; it is actually proceeding in reverse, due chiefly to two (also USDC/WDWA) (2) separate Faretta hearings, which Relator survived successfully: Dkt. #57.

At a minimum, this Court was ousted of jurisdiction of the "criminal" case, pursuant to Johnson v. Zerbst. See Relator's two (2) MOTIONS TO DISMISS, Dkt. #58 and #60.

Relator now incorporates the entire Docket contents supra by reference, as if set forth fully here. QED.

Respectfully submitted without prejudice,
Paul Andrew Mitchell, B.A., M.S.
Relator In Propria Persona, 28 U.S.C. 1654,
Private Attorney General, 18 U.S.C. 1964,
Rotella v. Wood

- 4 -

2:14-cr-00027-NDF Document 133 Filed 07/23/14 Page

NORTH PLATTE NE 691
21 JUL 2014 PM 1 T

INMATE NAME: Modeleski, M.P. Given name
SCOTTS BLUFF COUNTY DETENTION CENTER
PO BOX 130
GERING, NE 69341-0130
$V="E"Pod, \# 45396$

SBCDC Disclaims Any Responsibility For
The Nature of the Content of this Correspondence

Re:
#2:14-CR-00027-NDF

LEGAL MAIL

TO: U.S. District Court
ATTN: Office of Clerk of Court
2120 Capitol Ave., 2nd Floor
Cheyenne 82001-3658
Wyoming, USA

All Rights Reserved
(cf. UCC 1-308)

82001➂3658