IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2014 OCT 31  AM 10 49

STEPHAN HARRIS, CLERK
CHEYENNE

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | Case No: 14-CR-027-F |
| MITCHELL PAUL MODELESKI, aka Paul Andrew Mitchell, | |
| Defendant. | |

**EX PARTE ORDER DENYING MOTION FOR ORDER DIRECTING USMCFP SPRINGFIELD TO PRODUCE MEDICAL AND TREATMENT RECORDS, INCLUDING ANY WRITTEN REPORT(S) GENERATED AS A RESULT OF 28 C.F.R. § 549.46(a)(7) ADMINISTRATIVE HEARING AND DENYING MOTION FOR HEARING TO ADDRESS USMCFP SPRINGFIELD'S APPARENT DESIRE OR INTENT TO BEGIN FORCIBLY MEDICATING PAUL MITCHELL WITH PSYCHOTROPIC MEDICATION**

This matter is before the Court on Defendant's Ex Parte Motion for Order Directing USMCFP Springfield to Produce Medical and Treatment Records and Motion for Hearing to Address USMCFP Springfield's Apparent Desire or Intent to Begin Forcibly Medicating Paul Mitchell with Psychotropic Medication. The Court has reviewed the motions and is fully informed in the premise.

Defendant's counsel filed these motions based on his understanding that USMCFP Springfield ("USMCFP") provided Mr. Mitchell with a Notice of Hearing and Advisement of Rights for Involuntary Hospitalization or Medication for Psychiatric Care or Treatment on October 1, 2014. Defendant's counsel seeks two things from the Court. First, Defendant asks the Court to hold a hearing to address USMCFP's desire to

medicate Defendant and second, Defendant requests the Court to require USMCFP to produce medical and administrative records. The Court recognizes Defendant's legitimate arguments regarding forcible medication and Mr. Mitchell's constitutional right not to be forcibly medicated. However, the Court questions whether this is the proper method or forum for pursuing these remedies.

Defendant is complaining about the administrative actions of a medical facility located in another district. The first issue is whether the Court has jurisdiction to consider this motion. When an inmate refuses medication, there are certain procedures the medical facility must follow before they can forcibly medicate the inmate. Specifically, Defendant is entitled to an administrative hearing. The facility staff must inform the inmate 24 hours prior to the hearing of the "date, time, place, and purpose of the hearing, including the reasons for the medication proposal." 28 CFR § 549.46(a)(2). The inmate must also be informed of his right to appear, present evidence, have a staff representative, and request witnesses. 28 C.F.R. § 549.46(a)(3). The hearing shall also be conducted by a "psychiatrist, other than the attending psychiatrist, [] who is not currently involved in the diagnosis or treatment of the inmate." 28 C.F.R. § 549.46(a)(4). At the conclusion of the hearing, the conducting psychiatrist must determine whether "medication is necessary in order to attempt to make the inmate competent to stand trial or is necessary because the inmate is dangerous to [him]self or others" and "prepare a written report regarding the decision." 28 C.F.R. § 549.46(a)(7) and (8). The facility must provide a copy of the report to the inmate, and the inmate may appeal the decision to the facility administrator. 28 C.F.R. § 549.46(a)(8). "The administrator shall ensure

that the inmate received all necessary procedural protections and that the justification for involuntary treatment or medication is appropriate." 28 C.F.R. § 549.46(a)(9). Additionally, a person may not be administered psychiatric medication for the sole purpose of restoring competency to stand trial, only a Federal court of competent jurisdiction can make that determination. 28 C.F.R. § 549.46(b)(2).

In this case all we know is that Mr. Mitchell received notice of the hearing. Part of Defendant's requested relief is for Defendant's treatment records, including the report prepared pursuant to 28 C.F.R. § 549.46(a)(8) . Defendant's counsel asserts that he needs all treatment records, including the outcome of the administrative hearing and any other medical and treatment records. While the Court agrees, Defendant has failed to provide the Court with the statutory authorization for the Court to order the production of these records from a Bureau of Prisons Facility in Springfield, Illinois to Defendant's counsel.

The same is true for Defendant's request for a hearing. Defendant has failed to provide the Court with any statement of how the Court has jurisdiction over USMCFP's administrative actions based on the record before the Court. The administrative due process procedures set forth at 28 C.F.R. § 549.46 do not expressly provide for any form of judicial review of the mental health administrator's final decision. Rather, the procedures only discuss an administrative appeal. However, case law suggests prisoners can judicially challenge decisions requiring them to be medicated against their wishes. See *Washington v. Harper*, 494 U.S. at 235, (stating that "under state law an inmate may obtain judicial review of the hearing committee's decision by way of a personal restraint

petition or petition for an extraordinary writ"). However, there is no clear law on how an inmate challenges a BOP finding to forcefully medicate under 28 C.F.R. § 549.46.

While the Court believes this may be appropriate for APA review, the Court still lacks jurisdiction because there does not appear to be any adverse final agency action. There is also no indication that USMCFP is seeking medication for the sole purpose of restoring competency. The only information before the Court is that USMCFP provided Defendant notice of a hearing. The basis for that hearing was Defendant's continued denial of any mental illness and his agitation when either his case or mental illness are discussed. There is no record of agency action, no finding the facility ordered forced medication, or any appeal of a finding in favor of forced medication.

Defendant has failed to provide the Court with any jurisdictional or statutory basis for the Court to hold a hearing with USMCFP to discuss its desire or intent to forcibly medicate Defendant. For all of these reasons, Defendant's Motions are DENIED at this time. Defendant may supplement his pleadings with additional authority if necessary.

IT IS ORDERED that Defendant's Motion for Hearing is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Produce Medical and Treatment Records is DENIED.

Dated this 31 day of October, 2014.

_____
NANCY D. FREUDENTHAL
CHIEF UNITED STATES DISTRICT JUDGE