Mr. Thomas B. Jubin #5-2433
JUBIN & ZERGA LLC
P.O. Box 943
Cheyenne, WY 82003
Tel: (307) 637-4965
Fax: (307) 637-4788
tom@jubinzerga.com
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket No. 14-CR-27 |
| | ) | |
| LUCILLE KATHLEEN HILL, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT KATHY HILL'S RENEWED MOTION FOR MISTRIAL AND ALTERNATIVE REQUEST FOR CORRECTIVE INSTRUCTION

Defendant Lucille Kathleen Hill (Kathy Hill), by her counsel, Thomas B. Jubin, of Jubin & Zerga LLC, hereby renews her motion for mistrial, and in the alternative, requests a corrective instruction. Counsel for the other defendants, Joe Hill and Gloria Reeder join in this motion. As grounds for her motion Defendant Kathy Hill further informs the Court as follows:

The government's last witness was Debra Holthus. According to her testimony, Ms. Holthus was the foreperson of the grand jury that indicted the Defendants in this case. The government called Debra Holthus as a witness in the criminal trial of the very defendants who were indicted by the grand jury over which she presided as foreperson.

Promptly upon learning of the government's plan to call her as a witness, in preliminary hearings before the trial, counsel for Defendant Kathy Hill objected to testimony from a grand juror (counsel recalls the exchange as an objection, but has not reviewed the transcript to confirm his understanding).  The prosecution was put on notice that the very idea of having a grand juror who participated in the proceedings to indict the defendants testifying as a witness in the subsequent trial was highly irregular and suspect.  The government persisted in calling Ms. Holthus as a witness in the criminal trial.

The objection and concerns expressed by the defense are supported by subsequent research.  The federal courts have the authority under Rule 6(e)(3)(E)(i) to order disclosure of a grand jury matter in connection with a judicial proceeding.  Other than the order providing grand jury transcripts to the defense, counsel is aware of no order of the Court in this case that authorized the disclosure of any grand jury matter to permit a grand juror to speak publicly about the secret proceedings.  Counsel recognizes that there *could* be an *exparte* petition to disclose a grand jury matter pursuant to Rule 6(e)(3)(F), to which counsel was not privy due to its *exparte* nature, but surely such an order would have been disclosed to the defense in connection with this ongoing criminal trial.

Grand jury *witnesses* and grand *jurors* are subject to different obligations.  Grand jury witnesses are under no legal obligation of secrecy. A grand jury witness is legally free to tell, for example, his or her attorney, family, friends, associates, reporters, or bloggers what happened in the grand jury. For that matter, the witness can stand on the courthouse steps and tell the public everything the witness was asked and answered. *See* Fed. R. Crim. P. 6(e)(2)(A)-(B); Fed. R. Crim. P. 6, Advisory Committee Notes, 1944

Adoption, Note to Subdivision (e) ("rule does not impose any obligation of secrecy on witnesses"). *In re Grand Jury*, 490 F.3d 978, 989 (D.C. Cir. 2007). On the other hand, "the other parties in the room for a witness's testimony—the prosecutors, the grand jurors, and the court reporters or transcribers if any—are under an obligation of secrecy with respect to grand jury proceedings." *Id.*, at 985.

Rule 6(e)(2), Fed. R. Crim. P., prohibits disclosure of a "matter occurring before the grand jury" by grand jurors, government attorneys and others. To constitute a Rule 6(e) violation, a disclosure must (i) involve a "matter occurring before the grand jury," and (ii) involve a person subject to Rule 6(e)'s secrecy requirements. *Finn v. Schiller,* 72 F.3d 1182, 1189 n. 7 (4th Cir.1996). Rule 6(e) does not define "matters occurring before the grand jury," but caselaw elucidates the phrase. The Fourth Circuit has explained that "the substantive content of 'matters occurring before the grand jury' can be anything that may reveal what has transpired before the grand jury." *In Re Grand Jury Subpoena,* 920 F.2d 235, 241 (4th Cir.1990) (internal citations omitted). The rule protects "the essence of what takes place in the grand jury room, in order to preserve the freedom and integrity of the deliberative process." *Id.* In other words, a disclosure of "matters before the grand jury" must reveal some "secret aspect of the inner workings of the grand jury." *United States v. Dynavac,* 6 F.3d 1407, 1413 (9th Cir.1993). It has to be something actually presented before the grand jury. *In Re Grand Jury Subpoena,* 920 F.2d at 242; *Anaya v. United States,* 815 F.2d 1373 (10th Cir.1987).

Disclosures of information concerning a criminal investigation violate Rule 6(e) where the matters disclosed are "matters occurring before the grand jury," which means

3

that Rule 6(e) is implicated only if the matters disclosed concern the details of the grand jury's past or future proceedings.  *United States v. Rosen*, 471 F. Supp.2d 651, 655-56 (E.D. Va. 2007).  The test of whether disclosure of information will violate Rule 6(e) depends upon "whether revelation in the particular context would in fact reveal what was before the grand jury." *Fund,* 656 F.2d at 871.  It is not the information itself, but the fact that the grand jury was considering that information which is protected by Rule 6(e). *Anaya v. United States*, 815 F.2d 1373, 1379 (10th Cir. 1987).  This includes information as to who has been subpoenaed to testify or provide documents and information, as that might reveal the "strategy and direction of [the] grand jury investigation." *Rosen*, at 655.

During her trial testimony, Grand Juror Foreperson Holthus revealed what occurred before the grand jury.  She testified explicitly that the grand jury authorized the United States Attorney's office to issue subpoenas as part of the grand jury investigation, and she was shown and identified her signature on grand jury subpoenas which were directed to particular identified individuals.  In the absence of any proper order authorizing this disclosure, the government's use of grand juror testimony to describe what occurred in the course of grand jury proceedings violated grand jury secrecy laws.

In addition, and perhaps more problematic in this case, the prosecutor questioning and eliciting the grand juror testimony went on to inquire as to whether the grand jury obtained subpoenaed documents from individuals that it then determined not to indict. There is no rational purpose or relevance for this information.  Defense counsel understood the question to imply, and to seek the witness's corroboration that, the grand jury had selected these defendants to be indicted because these defendants are the guilty

4

ones --unlike others who provided subpoenaed documents, or failed to provide them, and were not indicted. The question could also be understood to suggest that the government believed that the defendants could also have been indicted for other matters (such as tax evasion charges as was witness Brian Annis who testified shortly before) but were not, in an exercise of leniency by the government or the grand jury, and that the petit jury ought to consider this lenience in convicting the Defendants of what is charged. One potential inference as to Kathy Hill was that the grand jury exercised lenience in declining to indict her on the obstruction charges. Whatever the implication, the question was not merely improper, it was highly prejudicial. Defense counsel can fathom no possible proper purpose for the question posed. The Court sustained the defense objection on the basis of relevance, but denied the defense motion for mistrial based upon these events and the misconduct that produced them.

Grand Jury secrecy is as important for the protection of the innocent as it is for the pursuit of the guilty. *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 424 (1983). At this point, the question is what the proper remedy ought to be in light of the error and misconduct. Violations of grand jury secrecy may be punished as contempt of court. See, *e.g.*, *Anilao v. Spota*, 918 F. Supp. 157 (E.D.N.Y. 2013); *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211 (1979). But that remedy does nothing to vindicate the defendant's rights in this case. Defendant Kathy Hill renews her request that the Court grant her motion for mistrial. It is unlikely that jurors could perform the mental gymnastics to ignore the testimony they have heard. See, *e.g. Bruton v. United States*,

5

391 U.S. 123, 136-37 (1968) (court's limiting instruction to disregard testimony can be an insufficient remedy).

Without waiving that request, if the Court persists in its denial of the mistrial motion, the Defendant Kathy Hill requests the following corrective instruction be given before proceeding further with the trial:

> Last Thursday, the government called Debra Holthus to testify as a witness in this case. Ms. Holthus testified that she was the foreperson of the grand jury. It was improper for the government to seek to introduce the testimony of Ms. Holthus. You are to disregard entirely her testimony and any discussion of exhibits during her testimony.

WHEREFORE, Defendant Kathy Hill respectfully renews her requests for a grant of mistrial. Further, in the alternative and without waiving her mistrial request, she requests the Court instruct the jury as set forth herein.

DATED this 16th day of May, 2015.

LUCILLE KATHLEEN HILL, by

*/s/ Thomas B. Jubin*
Thomas B. Jubin

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading was filed with the ECF on the 16th day of May, 2015, causing the pleading to be served to all parties of record.

*/s/ Thomas B. Jubin*
Thomas B. Jubin